*Preaux*, for the appellants.

*Burtlette*, for the defendants.

---

ADELINE ROUSSE and others *v.* SAMUEL SMITH WHEELER and wife.

Property purchased with the paraphernal funds of the wife, only becomes her separate property while she keeps the administration of her separate estate, and when the title is taken in her own name, either as a purchase with the funds which she administers herself, or as a *dation en payement* made to her by the debtor of a separate and paraphernal debt.

Property purchased during marriage in the name of the husband and wife, though paid for in whole or in part by the funds of the wife, will belong to the community of *acquets*, but subject to a charge, in her favor, for the amount by which the community may have been thereby benefited; and she will have, as in the case of her paraphernal funds having been used by the husband for his individual benefit, a mortgage on all his property for the reimbursement thereof. C. C. 236?.

A wife cannot bind herself *in solido* with her husband, for a debt contracted during the marriage, on account of the community. C. C. 2412.

An assignment by the husband of a paraphernal debt due to the wife, in payment for property purchased in the name of the community, will be valid, where, by the contract of marriage, the administration of her paraphernal property is entrusted to him; but he will be responsible to her for the reimbursement of its amount. C. C. 2367.

APPEAL from the District Court of Lafourche Interior, *Deblieux*, J.

SIMON, J. The facts of this case, are these : In February, 1829, the defendant Wheeler, contracted marriage with his co-defendant who was a widow. A marriage contract was passed between the parties, by which it was stipulated that the property brought in marriage by the future wife, as well as that which may accrue to her thereafter by succession, donation, legacy, or otherwise, shall be considered as paraphernal, and that the same shall be administered by the husband, and shall be alienable, and liable to mortgage, by and with his consent. In February, 1833, the parties sold and conveyed to Collins, the property brought into the marriage by the wife, and other property acquired by the husband during the marriage. The sale was made on long terms of credit, the three last instalments, of $3000 each, falling due in March, 1841, 1842, and 1843. In February, 1836, the defendant purchased of the plaintiffs' ancestor, John Rousse, a tract of land, and a certain mortgage, with other debts due to Rousse from various individuals. The sale was made to the defendants *jointly and severally, and to their heirs and assigns,* for and in consideration of the sum of $9743, 64, which the purchasers promised, *in solido,* to pay to the vendor, as follows : $743,64 as soon as so much shall have been collected by the defendants on the divers claims therein detailed ; and as to the balance of $9000, it was stipulated that it should be paid out of the collections to be made by Wheeler, on or before the first day of March, 1846, but not before the first of March, 1841, provided the purchasers, or either of them do pay annually, interest at the rate of eight per cent per annum on all sums due and collected, according to certain modifications and further stipulations contained in the notarial deed of sale. It was further stipulated, that, as collateral security for the balance of $9000, the purchaser should assign the three last instalments due to them by Collins, amounting to a like sum of $9000, for the price of the property sold to him by the defendants ; the defendant being, however, entitled to redeem the assignment and to collect the instalments, on paying the amount thereof to the vendors, Rousse and wife, in discharge of the balance due on the sale, and the interest then accrued thereon,

or on their giving new collateral security for the said balance, or any part thereof then due.

The plaintiffs, the widow and heirs of Rousse, now seek to enforce their right against Wheeler and his wife, by virtue of the stipulations contained in the above mentioned act of sale, and they claim judgment against them for the sum of $8000, (the balance remaining due,) with interest at the rate of eight per cent. from the 1st of April, 1841; further praying that the debt due by Collins, may be assigned to them for as much as it will pay.

The defendant Wheeler's wife, answered, that she admitted having signed the act of sale mentioned in the plaintiffs' petition, by which she and her husband bound themselves, *in solido*, for the price therein stipulated; but that the sale was in fact, a sale to her husband, as the head of the community; that she was not individually interested in the purchase; and that she derived no advantage or benefit from the same. She further averred that, by signing the act, she did not become bound and liable, either as principal or as security, in her separate capacity, and that her separate property can in no manner be held responsible for the payment; that the property sold to Collins, a part of the price of which is alleged to have been assigned as collateral security, was her separate property; and that the plaintiffs are not entitled to have the debt due by Collins sold to satisfy their claim, or to have the same transferred to them. Wherefore she prayed that the sale made by Rousse and wife be, as to her, declared null and void; and that the debt due by Collins be declared not pledged, or in any other manner bound for the payment of the plaintiffs' claim.

This case was submitted to the lower court on the questions agreed upon by the counsel of the parties, to wit: "Whether Wheeler's wife was personally liable in all, or any part of her individual property, for the amount of the price contracted by herself and husband to be paid to Rousse and wife, by the act of sale declared upon by the plaintiffs? And whether, supposing that she is not personally liable under said sale for the price, the assignment of the debt of Collins, stipulated in the sale, be valid, if said debt be due as the price of Wheeler's wife's separate property?"

Rousse and others v. Wheeler and wife.

These questions were answered negatively by the judgment rendered below, from which the plaintiffs have appealed.

It is first contended, on the part of the plaintiffs, that the wife could legally invest her paraphernal effects in any species of property, real or personal; and that any property which she might buy with her paraphernal effects, or obligations, became paraphernal. Hence it is argued, that the contract of sale under consideration was executed for the purpose of investing Mrs. Wheeler's claim against Collins in the purchase of property; and that such property, so far as paid for with her funds, does not belong to the community, but to her individually.

We have already seen that the purchase was made by the husband and wife jointly and severally, without any distinction having been made between the portion of the price to be paid with the wife's funds, and that to be paid with the funds of the husband, or those of the community. It was a purchase made by the two spouses during the marriage, to be paid for with the funds of both, and, if insufficient, with those of the community. The wife's property was not, then, under her administration or control; and although a part of the proceeds of the sale of her property to Collins, was assigned as collateral security, for the payment of the purchase money, it is clear that it was not given in payment, and that its amount was not reinvested in the purchase of the property sold by Rousse to herself and her husband. By her marriage contract, the property of the wife was declared to be paraphernal. It was immediately placed under the administration of her husband, with a power to alienate and mortgage it as she pleased, provided his consent was obtained; and accordingly, the same was sold to Collins, by both husband and wife, for a certain price, which was received in lieu of her paraphernal property, and which went back under the administration of the husband, as paraphernal funds. Mrs. Wheeler never resumed the administration of her paraphernal estate; it always remained under the control of her husband; and although she appeared in the act in which a part of the price to be paid by Collins is assigned to the vendors, we cannot view this as an act of administration on her part, sufficient to show that she really intended to invest those funds, not then under her actual administration, in the purchase

of property. In the case of *Dominguez* v. *Lee* *et al.*, 17 La. 300, we said, that " property purchased with the paraphernal funds of the wife, only becomes her separate property, as long as she keeps the administration of her separate estate, and when the title is taken in her own name, either as a purchase with the funds which she administers herself, or as a *dation en payement* made to her by the debtor of a separate and paraphernal claim." That doctrine was again sanctioned by this court in the case of *Terrell* v. *Cutrer*, 1 Robinson, 367, in which we recognized the wife's right to reinvest the proceeds of the property by her disposed of, while in the administration of her paraphernal property, as a reinvestment of money under her control. Here, there was no such reinvestment in view. Nay, the wife even disclaims in her answer any such intention. The act of sale, by itself, does not show any such object in the contract; and, in our opinion, the property acquired from Rousse and wife, though partly bought with, or the price thereof secured by the transfer or assignment of a debt proceeding from the sale of the wife's paraphernal property, properly belonged to the community, as having been purchased by the two spouses during the marriage. Civil Code, arts. 2314 and 2371, 10 La. 180. Such purchase, however, if made, or paid for, with funds belonging to the wife, should enter into the community of *acquets* and gains, with a legal charge against it in her favor, for the amount of the price or part thereof from which the community may have been benefited; and with a mortgage on all the property of the husband for the reimbursing of the same. Civil Code, art. 2367.

The contract under consideration being viewed in this light, what is the nature of the wife's obligation therein contained? The purchase was made for the community by the husband, who is the head or master thereof. In making the purchase, he contracted a debt for the payment of which his wife bound herself *in solido* with him; and this is, on her part, *a personal obligation*, independent of the assignment of the debt due by Collins, which we shall have occasion to consider hereafter. The purchase having been made on account of the community, it is clear that the wife cannot bind herself *in solido* with her husband for

a debt contracted during the marriage. The hnsband alone should be bound. Civil Code, art. 2412, 1 Robinson, 218.

It has next been urged that, even supposing that the whole of the property bought of Rousse became community property; the husband had, with the assent of his wife, the right to alienate her paraphernal effects, and had even alone, the right of alien- ating her paraphernal moveable effects or obligations. Hence, we suppose it is inferred that he could validly assign to the ven- dors of the community property, the amount of the debt due by Collins, or apply the proceeds thereof to the payment of its price. By the marriage contract already noticed, we have seen that the wife's paraphernal property was put under the control and admin- istration of the husband. This was an assent, on the part of the wife, to the husband's investing her paraphernal funds in the way he pleased. He had a right to receive her moneys, and as long as he retained the administration, he was even considered by law as having under his exclusive control, and being entitled to re- cover in his own name, the debts due to his wife. Code of Prac- tice, art. 107. 4 La. 484. If so, could not the husband transfer the debt due by Collins in payment of the purchase of community property? Is there any difference between the defendant Whee- ler's receiving the funds from Collins, and paying them over to the plaintiffs, and his assigning the claim to his vendors in pay- ment of the purchase? We think not. In both cases, the funds, or the debt are in his hands and under his control, as administra- tor of his wife's paraphernal estate; and in both cases, he is re- sponsible to his wife for the reimbursement of the paraphernal funds, or debt, which may have been used by him for his indi- vidual interest, or for the benefit of the community. Civil Code, art. 2367. Nay, we have already said that in the latter case, this constituted in her favor a legal charge against the community. Furthermore, is it not obvious that if the assignment under con- sideration were to be set aside, by our sustaining the wife's pre- tensions, this would not prevent the husband's recovering the debt due by Collins? She never resumed the administration of her paraphernal estate. It is yet under the control of the husband. He has still a right to receive the money, and to apply it to the

extinguishment of the claim sued for. This point appears to us too clear to require any further investigation.

Under this view of the questions submitted to our consideration, we conclude, that the judge *a quo* did not err in setting aside the personal obligation of Mrs. Wheeler *in solido* with her husband; but that he erred in annulling the assignment of the debt due by Collins; or, in other words, we are of opinion that, under the contract sued on, the plaintiffs are entitled to apply to the payment and satisfaction of their claim, so much of the said debt, after recovery, as may be sufficient to discharge the obligation contracted by the defendant Wheeler.

It is therefore ordered, and decreed that the judgment of the District Court, so far as it invalidates the personal obligation contracted by Mrs. Wheeler, and liquidates the plaintiffs' claim against her co-defendant, be affirmed; that with regard to the assignment of the debt due by Collins, which it invalidates to the extent of the wife's interest, the same be annulled and reversed; and it is further ordered and decreed that the whole debt due by Collins be assigned over to the plaintiffs, according to the stipulations contained in the act of sale annexed to the plaintiffs' petition, and that the amount of the same, or so much thereof as may be sufficient, be first applied, after recovery, to the payment and satisfaction of the judgment rendered below against the defendant Wheeler; the costs of this appeal to be paid by the appellees, and those of the lower court to be borne by said Wheeler.

*Beatty*, for the appellants.

*Thibodeaux* and *Cole* for the defendants.