## WILEY v. HUNTER et ux.

A married woman will not be bound personally by a note executed *in solido* with her husband, when at the time a community of acquêts existed between her and her husband, and the latter had the exclusive administration of her paraphernal property.

Where there is a community of acquêts, and the husband has the exclusive administration of the paraphernal property of the wife, purchases made during marriage fall into the community.

APPEAL from the District Court of Rapides, *King*, J. *Elgee* and *Hyams*, for the plaintiff. *Waters*, for the appellant. The judgment of the court was pronounced by

ROST, J. The plaintiff instituted suit against the defendants on two notes made *in solido*, secured by mortgage. There was a judgment against the husband, and the property mortgaged was ordered to be sold; but the wife was discharged from all personal obligation under the note sued on. From this judgment she has appealed.

It has been argued at bar in behalf of the appellant, that the sale of the land mortgaged, made to her by her brothers and sisters, was a *dation en paiement* for her share in the succession of her mother; but she has failed to show what that share was. She has been released from the personal obligation she had contracted, on proof of the allegations of her answer that, at the time it bears date, a community existed between her and her husband, and that he had the exclusive administration of her paraphernal property. It has often been determined that, under that state of facts purchases made during marriage fall

WILEY<br>v.<br>HUNTER.

into the community. *Dominguez* v. *Lee*, 17 La. 300. *Terrell* v. *Cutter*, 1 Rob. 367. *Rousse et al.* v. *Wheeler and wife*, 4 Rob. 114.

Neither the loose evidence offered to prove a partition of the succession of the mother of the defendant, nor her resumption of the administration of her paraphernal property after the institution of this suit, can affect the rights of the plaintiff. *Judgment affirmed.*