### No. 4580.

### J. V. SEVIER and als v. GEORGE SARGENT and als.

Where some of the appellants have not given bond and perfected the appeal, and some have, it is no ground for a motion to dismiss the appeal because of the want of proper parties; and where the bond is in favor of the clerk and the order of appeal was granted in open court, all parties not appellants are appellees.

Where the heirs were put in possession of the property of their ancestor, if the partition between them be defective as a judicial partition, it is certainly valid as a conventional one, all being of age and signing the act.

By the express terms of article 1671 of the Revised Code, the heirs can at any time take the seizin from the testamentary executor on offering him a sum sufficient to pay the movable legacies, and on complying with the requirements of article 1012.

Where the heirs went into possession and partitioned the property, the succession was wound up, because it ceased to exist. A creditor of the deceased became the creditor of his heirs, each being bound to him for his share of their ancestor's debt. If some of the heirs are not solvent, and the creditor may lose part of his claim, the fault is attributable to himself; he might have required security from the heirs before they obtained actual delivery of the inherited property.

Whether the executor be discharged or not, the remedy of a creditor is not against him, but against the heirs who have been put in possession of the property of which they have become the owners and who are bound to pay the debts of the deceased, each his virile share.

APPEAL from the Parish Court, parish of Tensas. *Cordill,* J. *Farrar & Rieves,* for plaintiffs and appellees. *Drake, Garrett & Spencer,* for defendants and appellants.

Justices concurring: Ludeling, Taliaferro, Wyly, Morgan.

WYLY, J. The motion to dismiss this appeal for want of proper parties, is denied; because if all of the appellants have not given bond and perfected the appeal, some have; and as the bond is in favor of the clerk and the order of appeal was granted in open court, all parties not appellants are appellees.

The plaintiff, a creditor of the deceased, sues to set aside the order putting the heirs in possession of the property belonging to the succession of J. G. Gordon and homologating the partition thereof. He also sues to annul the judgment homologating the final account of the dative executor and canceling his bond. He charges fraud and collusion between the executor and the heirs. He alleges that the judgment homologating the account and discharging the executor is.

void for want of proper parties, and that it is not sustained by suffi-cient legal evidence; that it was obtained in fraud of the law and in violation of that provision thereof, which declares that, "executors shall continue in office until the estate is finally wound up."

He also complains of irregularities in the judicial partition, and charges that the possession of the heirs is an illegal possession.

The court annulled and set aside the judgment homologating the final account of the executor and discharging him, declared the parti-tion of the succession an absolute nullity, and ordered Sargent, the executor, to resume the possession and administration of the property heretofore held by him as the executor of J. G. Gordon. From this judgment the defendants appeal.

Many interesting questions have been discussed in the elaborate briefs filed in this case, but upon which it is not necessary to pass.

As a matter of fact the heirs were put in possession of the property of their ancestor; and if the partition between them be defective as a judicial partition, it is certainly valid as a conventional one, all being of age and signing the act. No fraud is proved, and indeed it would be difficult to conceive how there could be fraud in the exercise of an undoubted legal right by the heirs, to wit: The right to take posses-sion of the property of their ancestor, there being no movable legacies, there being no demand for the separation of patrimony, and the credi-tors not demanding security.

By the express terms of article 1671 of the Revised Code, "the heirs can at any time take the seizin from the testamentary executor on offering him a sum sufficient to pay the movable legacies, and on com-plying with the requirements of article 1012," which declares that they shall not have actual delivery of the property, unless they give bond "with good and sufficient security, if the plaintiffs in such suits require it."

In the case of Fowler against this same succession, 24 An. 270; the precise question was considered by this court and it was held that, "the heirs had the right to demand the seizin from the executor, and he had no right to refuse it."

When the heirs went into possession and partitioned the property the succession was wound up, because it ceased to exist. The plain-tiff ceased to be a creditor of the deceased and became the creditor of the heirs, each being bound to him for his share of their ancestor's debt. If some of the heirs are not solvent and the plaintiff may lose part of his claim, the fault is attributable to himself; he might have required security from the heirs, but failed to do so. The final account of the executor, containing all the necessary formalities, was duly homologated, and he was discharged after thirty days notice being duly published. This publication was sufficient notice to the plaintiff.

But whether the executor be discharged or not, the remedy of the plaintiff, a creditor, is not against him, but against the heirs, who are the owners of the property of their ancestor, and who are bound to pay his debts, each his virile share.

It is therefore ordered that the judgment appealed from be annulled and reversed, and it is ordered that plaintiffs' demand be rejected, with costs of both courts.