THOMPSON, J.
 

 Isaac S. Crouch and Josephine Crouch were married December 26, 1887. The four plaintiffs are the -issue of that marriage. The mother of plaintiffs died June 3, 1900, and their father died on June 17, 1904. Certain real estate situated in sections 9 and 10, township 5 north, range 6 east, in Concordia parish were acquired, as alleged by plaintiffs, during the marriage of their father and mother, and the plaintiffs bring this suit to recover an undivided interest in- said lands inherited from both their father and mother. They include in their suit a demand
 
 to
 
 annul a probate sale of certain parts of the land claimed, which was made to the defendant in 1905 in the mortuary proceedings in the succession of their father, and for a money judgment against the defendant for rents and revenues.
 

 The demand for the nullity of the sale is based on the ground that the succession of their father owed no debts; that the administration and sale of the property was unnecessary, and was provoked by, and at the instance of, the defendant to defraud the heirs and to deprive them of their interest in the property.
 

 The answer of the defendant denies that the plaintiffs have or ever had any interest in the lands they now claim, affirms the validity of the succession proceedings and the sale therein, and alleges that the defendant purchased the land in good faith, at public sale, under a valid order of the court having jurisdiction of the subject-matter, to pay the debts due by the father of plaintiffs.
 

 In the alternative, in case the sale should be annulled, the defendant prays for judgment in reconvention for improvements placed on the .property and for taxes paid thereon.
 

 
 *825
 
 The defendant further pleads the prescription of ten years acquirendi causa, the prescription of five years against any action for nullity on account of informalities and illegalities growing out of said probate sale, and the prescription of one year against the action to annul the judgment ordering the sale on account of fraud.
 

 The district judge maintained the succession sale, but recognized the plaintiffs as owners of certain interests in the land which they inherited from their mother, and which were erroneously included in the succession sale, and also a certain interest inherited from their father which was not included in the said sale.
 

 All pleas of prescription were overruled except the prescription of one year, which was maintained as against all except the youngest of the heirs.
 

 All money demands of both plaintiff and defendant were rejected.
 

 The appeal is by the plaintiffs, and, as the defendant asks the affirmance of the judgment, our consideration is limited to the questions which involve matters claimed to be prejudicial to the appellants.
 

 These are
 
 (1)
 
 the validity of the succession sale, and (2) the extent of the plaintiffs’ right to recover, whether the said sale is valid or invalid.
 

 We may say at the outset that the allegation of fraud against the defendant is not sustained by the evidence. The plaintiffs’ father was indebted to the defendant in a very large amount. The debt greatly exceeded the estimated value of the interest of the plaintiffs’ father in the property which he owned at the time of his death. There was a policy of insurance on the life of plaintiffs’ father, payable to his estate, and which was assigned by him to the defendant. This .policy amounted to $5,000, and was collected by the defendant and applied on the debt. The succession was administered by an uncle of the plaintiffs, who provoked a sale of the succession property to pay debts. At this sale the defendant became the purchaser of the property at a price insufficient to pay the balance of the debt due him. This debt was a community debt for which the plaintiffs became responsible, each for his or her virile share, when they accepted the succession of their father unconditionally.
 

 The papers in the succession proceedings appear to have been lost and were not introduced in evidence. It is conceded, however, that the succession was regularly administered, and the property was sold under an order rendered by the court to pay debts.
 

 As the only charge made against' the defendant in connection with the administration and sale, as being in fraud of plaintiffs’ rights, is that the estate owed no debts, and, as the proof abundantly shows that there were debts exceeding the value of the property administered and sold, the plaintiffs’ attack on the sale necessarily falls.
 

 The property in section 9 consisted of a small lot, some nine and a fraction acres. This lot was acquired by the plaintiffs’ father during his marriage and was therefore community property. The sale of the one-half interest in the succession of plaintiffs’ father was therefore illegal, and the court correctly awarded the plaintiffs their said interest.
 

 There was a gin on this lot which was owned by plaintiffs’ father and his brother Thomas F. Crouch. This gin was sold, one half in the succession of plaintiffs’ father and the other half in the succession of Thomas F. Crouch, and bought by the defendant. The trial judge correctly rejected the plaintiffs’ demand for the value of the said gin.
 

 The record as to the lands embraced in section 10 is very much complicated and patently confusing, due to inconsistent contentions and many glaring errors, typograph
 
 *827
 
 ical and otherwise, in making up the transcript. After a thorough consideration and close study of the record, we have reached a conclusion different from that of the trial judge as to the interest to which the plaintiffs are entitled.
 

 The land comprised all of section 10 except three 40’s. There is no evidence of title in any one prior to the acquisition by plaintiffs' father conjointly with his two brothers, Thomas E. Crouch and James M. Crouch. It is alleged in paragraph 4 of the petition that the three brothers acquired the land during the existence of the marriage between plaintiffs’ father and mother in equal proportions, and that the one-third interest acquired by plaintiffs’ father became community property.
 

 In answer to this paragraph, the defendant alleges that all said land was acquired by the three brothers by inheritance from their uncle, John B. Crouch, and was so acquired in undivided equal proportions.
 

 In paragraph 7, the plaintiff alleges that the three brothers lived on and cultivated and had actual and physical possession of said land as owners, which possession was continuous and uninterrupted from 1801 until the death of their father, and that the ownership of said land was perfected by the prescription of 30 years. This allegation is admitted by the defendant’s answer.
 

 It is further alleged, in paragraph 8 of the petition, that the three brothers acquired in equal undivided interest three-eighths of said land by conveyance from Mrs. Mary V. Trisler and from Mrs. Ada J. Pease, under deed dated December 1, 1890.
 

 The defendant admits this paragraph, but alleges that the acquisition was a redemption, and conferred no new title.
 

 There can be no doubt, from the judicial admissions contained in the pleadings, that the three brothers owned in equal proportions the entire section 10 except three 40’s. This fact is also admitted in defendant’s brief op page 5.
 

 It is contended by the defendant, however, that the acquisition by the prescription of 30 years, though the prescriptive period was completed after the marriage of plaintiffs’ father and mother, related back to the time of the commencement of prescription, which was before said marriage. Therefore that the property was an acquisition of the plaintiffs’ father and did not fall into the community.
 

 It is further contended that the only part of said land that was community property between plaintiffs’ parents was the one-third of three-eighths acquired from Mrs. Trisler and Mrs. Pease. This seems to be the view taken by the learned trial judge in fixing the inheritable interest of the plaintiffs from their mother.
 

 In this respect we think there was error. There is nothing in the record to show any title to the land in any one other than the prescriptive title of the three brothers. It is true that the defendant alleges that all the property in section 10 was acquired by the three brothers by inheritance from their uncle, John B. Crouch, but there is no evidence that John B. Crouch ever had any title to the land. This allegation of defendant is inconsistent with his further allegation and admission that all the land was owned by the three brothers under a prescriptive title. There is also the absence of any. evidence showing that Mrs. Trisler and Mrs. Pease ever had any interest in the land. The deed of these two ladies to the three brothers conferred on them no new title, and certainly did not change or alter the character of the title already and then existing in the three brothers. We are inclined to accept the judicial admission of the defendant, advisedly made by his counsel, that the title of the three-eighths made by the two ladies named
 
 *829
 
 to the three brothers jointly was a mere redemption, and conferred no new title.
 

 Having thus concluded that the title to the land vested in the three Crouch brothers in equal proportions by the prescription of 30 years, it remains to determine whether the title is to be regarded as vesting in the possessors at the beginning of the prescription or at the time when the prescriptive period was completed.
 

 Our opinion is that no ownership was acquired until the end of 30 years, and, when acquired, such ownership did not relate back
 
 to
 
 the beginning of the possession. During the 30 years the possession was precarious, and the title was inchoate, entirely dependent on the continued possession, and subject to be defeated at any time by the rightful owner. After the marriage of plaintiffs’ father and mother, the possession continued as the joint possession of husband and wife. The husband, as head and master of the community, and administering the property, as such, could not have acquired title by reason of his possession adversely to the marital community. He must therefore be held as having acquired for the benefit of the community and not for his separate estate. The plaintiffs’ father could not, as against his children, be heard to deny their ownership of one-half of the property acquired during the community, and those claiming under him can certainly have no greater rights.
 

 The Civil Code, art. 2402, declares that:
 

 “The partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estates which they
 
 may
 
 acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase.”
 

 While it may be argued with some degree of plausibility that an acquisition of the ownership of property by prescription is not an acquisition similar to either a donation or purchase in the sense in which the Code appears to make use of the words, still it is nevertheless a fact that it was an acquisition during the existence of the community, if the point of time is alone to be considered, rather than the spouse in whose name the acquisition was made or the particular title under which it was made. We think the codal provision “or in any similar way” should be construed so as to include, among the effects of the community, land acquired by the prescription of 30 years, perfected and completed during the existence of the community.
 

 This position we think is strengthened by article 2405, which declares that, at the time of the dissolution of the marriage, all effects which both husband and wife reciprocally possess are presumed common effects or gains, unless it be satisfactorily proved which of such effects they brought in marriage, or which have been given them separately, or which they have respectively inherited.
 

 At the time of the marriage the plaintiffs’ father did not bring the land in question into the community, for it did not belong to him in fee simple. And, it not appearing that he acquired the said land otherwise than under a prescriptive title completed during the marriage, the presumption of the law that the property was community property must be given full effect.
 

 After the death of plaintiffs’ mother, their father joined with his two brothers in an extrajudicial partition of a part of the land. In this partition the plaintiffs’ father was allotted the W. % of N. W. % and N. E. % of N. W. Thomas F. Crouch was allotted the S. E.
 
 i-A
 
 of N. W. % and N. E. % of N. E. 14. James M.'Crouch was allotted the
 

 
 *831
 
 N. E. % of S. W.
 
 Vi,
 
 N. W.
 
 Yé
 
 of S. E.
 
 Yé,
 
 and S. E. % of S. E. %.
 

 The N. E. % of N. E.
 
 Yé
 
 was not owned by the '' three brothers; hence Thomas E. Crouch acquired no title to that 40.
 

 It thus appears that only
 
 7
 
 40’s were included in the partition and 6 40’s were left out. Those left out are the following:
 

 S. W.
 
 Yi
 
 of N. E.
 
 Yé,
 
 S. E.
 
 Yé
 
 of N. E.
 
 Yé,
 
 N. E.
 
 Yé
 
 of S. E.
 
 Yé,
 
 N. W.
 
 Yé
 
 of N. E.
 
 Yé,
 
 S. E.
 
 Yé
 
 of S. W.
 
 Yé,
 
 and S. W. % of S. E. %.
 

 Eor partition, see transcript, p. 43.
 

 If the partition is to be recognized as binding on the plaintiffs, then it is clear that at the time of the succession sale to’ the defendant the plaintiffs were the owners of one-half of the property received by their father in the partition, and they were the owners of an undivided one-sixth of the land not included in that partition.
 

 Our conclusion is that the plaintiffs are bound by the act of partition. They have made no attack on the partition, but have in a measure ratified it.
 

 . [8] The plaintiffs’ father was bound in legal warranty to his two co-own'ers for the interest he conveyed to them in exchange for their interest in the land he acquired in the partition. He could not be heard to sue for the return of the interest he conveyed, without surrendering the interest he received. The plaintiffs as heirs have accepted the succession of their father unconditionally; hence they have become obligated severally as he was obligated. Griffing v. Taft, 151 La. 442, 91 So. 832.
 

 But, beyond this, some of the-land which was allotted to Thomas and James Crouch has passed into the hands of third parties, and, if the said partition was disturbed and the plaintiffs were permitted to recover their interest in the entire lands, the other parties to the partition could not be restored to the position they occupied before the partition.
 

 We conclude, therefore, that the plaintiffs | must be held bound by the partition, and their relief must be confined to the one-half of the land received by their father and their mother’s community interest in the land which was not partitioned.
 

 As to rents and revenues, we think the court below correctly disallowed the same. The defendant was a possessor in good faith prior to judicial demand, and hence owed no rents and revenues. Whatever amount may have been due on that score since the suit was filed is compensated by the taxes paid and the improvements placed on the prop- . erty.
 

 Eor the reasons assigned, it is ordered and decreed that the judgment appealed from be, and the same is, amended so as to recognize the plaintiffs as owners of an undivided one-half interest in the W. % of the Ñ. W. % and N. E.
 
 Yé
 
 of N. W.
 
 Yé
 
 and an undivided one-sixth interest in the S. W. % of N. E.
 
 Yé,
 
 S. E.
 
 Yé
 
 of N. E.
 
 Yé,
 
 N. E.
 
 Yé
 
 of S. E.
 
 Yé,
 
 N. W.
 
 Yé
 
 of N. E.
 
 Yé,
 
 S. E.
 
 Yé
 
 of S. W.
 
 Yé,
 
 and S. W.
 
 Yé
 
 of S. E.
 
 Yé,
 
 Sec. 10, tp. 5 N., R. 6 E., and that otherwise the said judgment as amended be affirmed. The defendant to pay all costs.
 

 O’NIELL, C. J., dissents, being of the opinion that the judgment should be affirmed.