**EUSTIS v. ST. GERMAIN et al. ***

**No. 16046.**

Court of Appeal of Louisiana. Orleans.
May 13, 1935.

---

Emmet Alpha and Granville Alpha, both of New Orleans, for appellants.

Neil A. Armstrong, Jr., of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, a physician, brought suit against the widow- and the heirs of the late Louis J. St. Germain to recover $150, alleged to be due for professional services rendered to the deceased during the last illness which result-ed in his death on March 22, 1933. Suit was filed on October 10, 1934, more than one year after the death, and therefore defendants, in addition to other contentions which we shall later discuss, maintain that the evidence on which the judgment below was based should have been excluded because of the provisions of Act No. 11 of 1926, which reads as follows:

"Section 1. Be it enacted by the Legislature of Louisiana, That Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve (12) months after the death of the deceased.

"Section 2. That parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought within a delay of twelve (12) months after the death of the deceased, unless it consists of the testimony of at least one credible witness of good moral character, besides the plaintiff; or unless it be to corroborate a written acknowledgment or a promise to pay, signed by the debtor. * * *"

The evidence to which we refer is a letter dated October 9, 1933, sent by the attorney who represents the defendants to the collection agency which at that time represented the plaintiff. It reads as follows:

"October 9, 1933.

"N. O. Retail Credit Bureau, Inc. 1401 American Bank Bldg. New Orleans, La.

"Dear Sirs: Mrs. Louis J. St. Germain of 527 Friscoville Avenue, has given me your statement of account in the name of Dr. Allan Eustis for $150.00, for medical services to her deceased husband; and requests me to say that she is now endeavoring to sell real estate, from the price of which she could pay you. But until she can sell it, she has no way of paying the debt.

"Yours truly,

"[Signed] Emmet Alpha."

It is the contention of defendants that the letter in question does not constitute such written acknowledgment as is referred to in the second section of the statute.

But a reading of the statute discloses that the second paragraph, which makes parol evidence admissible under certain circumstances on a debt of a deceased person, has application only where the suit is brought within the year immediately following the death. That section has no application here, because this suit was not filed until long after

the year had expired. The first section of the statute (and this is the section with which we are concerned if the statute has any bearing on this case) provides that where the suit is brought after the expiration of one year, parol evidence shall not be admissible under any circumstances, but this section makes no reference to written evidence. Evidently then, the judgment appealed from cannot be sustained if it is found to have been based upon parol evidence.

■ But plaintiff contends that the claim is fully proven by written evidence and that no parol testimony is necessary to sustain it; that the letter written by counsel for defendants, which is quoted in full above, and which was written within one year of the death of the deceased, constitutes complete proof of the obligation.

Defendants maintain that the letter, even if it is admissible, serves to prove only that the debt was due at the time the letter was written, but that the record contains no evidence showing that payment has not been made since that time, and that in the absence of such additional evidence the judgment is erroneous. They also assert that the letter, if admissible at all, has effect only against the widow and cannot be considered as evidence against the heirs. The letter obviously is written evidence of the existence of the debt. As such it was admissible, even though the suit was filed more than one year after the death of the deceased. Although it was not written by the widow herself, it was signed by the attorney who was acting as her authorized agent, and who now represents her in this litigation, and she makes no denial of his full authority to act for her in writing it. If she had contended that the attorney was not authorized to write the letter, then the situation would have been entirely different. In the absence of such a contention (which plainly would have been unfounded), the letter constitutes written proof of the existence of the debt at that time. No one was more familiar with the facts than was the widow. Her husband had died as the result of the illness during which the debt had been incurred. The doctor's last visit had been made on the day preceding the death. There could not possibly have been obtained from the dying man a written acknowledgment. Long before the expiration of the year, the widow, familiar with the facts, was called upon for payment. Had she denied the debt, there would have been yet time for the filing of the suit, and if it had been filed, parol evidence could have been then offered under the conditions set forth in section 2 of the statute. But instead of denying the existence of the debt, the widow authorized her attorney to admit in writing that the debt was due. It cannot now be contended that the letter does not constitute written proof of the existence of the debt at that time. Certainly Mrs. St. Germain could have testified that the debt was due. If so, then her evidence would have been admissible, not only against herself, but against all persons who might owe any part of the debt. The case of Hava v. Cafiero, 157 La. 1007, 103 So. 294, is not in point.

■■ If the debt was due at that time, then the burden was on defendants to prove that it has since been paid. Payment is a special defense which must be specially pleaded, and which must be supported by proof tendered by those who rely on it.

In a case, the facts of which were somewhat similar to these, this court said: "The burden of proving payment rests upon him who relies thereon." Succession of Simon, 11 Orleans App. 70. See, also, Arkadelphia Milling Co. v. Walker-Howe Grocery Co., Inc., 5 La. App. 233, and cases therein cited; Baker Gasoline Co. Inc. v. Sutherland, 8 La. App. 815; Frank De Latour, Inc., v. Boscareno, 12 La. App. 596, 126 So. 743; Monroe Grocer Co. v. Barron, 16 La. App. 357, 134 So. 735; C. P. art. 327.

■ But the fact that the widow and the heirs have been sent into possession of the estate which is indebted to plaintiff does not render them solidarily liable for the debt. Each is liable only for his or her virile share. C. C. arts. 1425 and 1427, C. P. art. 40. See, also, Mudd v. Stilles' Heirs, 6 La. 17; Wiley v. Hunter, 2 La. Ann. 806; Sevier v. Sargent, 25 La. Ann. 220; Succession of Dunford, 25 La. Ann. 56; Edwards v. Ricks, 30 La. Ann. 926; Crouch v. Richardson, 158 La. 822, 104 So. 728; Kelly v. Giles, 167 La. 287, 119 So. 51.

■ Nor can the letter be considered as an agreement by Mrs. St. Germain that she would be individually liable for the whole debt. As the succession representative, she had been called upon for payment. In the letter which she authorized, it was admitted that the debt was due, but we cannot torture that admission into an agreement that she would, herself, become liable for the whole amount. She authorized the letter as the succession representative, and in that capacity she agreed that the debt was due, and that it would be paid when conditions made payment possible. She made no individual agreement in that regard.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Dr. Allan Eustis, and against Mrs. Rita Morales, widow of Louis J. St. Germain, individually in the sum of $75, with legal interest from judicial demand until paid, and as natural tutrix of the minor, Gilbert St. Germain, in the sum of $18.75, with legal interest from judicial demand until paid, and against Olga St. Germain, Louis J. St. Germain, Jr., and Alma St. Germain each in the sum of $18.75, with legal interest from judicial demand until paid, and that as thus amended the judgment be affirmed, defendants to pay costs in the district court, plaintiff-appellee to pay the costs in this court.

Amended and affirmed.

WESTERFIELD, Judge.

I respectfully dissent.