This is a suit brought by the plaintiff, Mrs. Harriett Scoggins Addison, to have herself recognized as the sole and only heir of her mother, M.A. Droddy, deceased, first wife of her father, H.W. Scoggins, Sr., also deceased, and as such to be adjudicated the owner of an undivided one-half interest in all the timber on a certain tract of land described by sections, township and range in the Parish of Vernon, which she alleges belonged to the community existing between her said father and mother and which he sold to the defendant, Kirby Lumber Corporation, after her mother had died. The sale of the timber was made to Kirby Lumber Company on May 27, 1927, which company was reorganized and created into the Kirby Lumber Corporation in July, 1936 and that is why the suit is directed against this latter corporation.
In her petition the plaintiff alleges that the value of her interest in the said timber exceeds the sum of $2,000 but *Page 200 
defendant submitted proof of its value, not contradicted, which indicates that her interest therein may be said to be valued at the sum of $900 and that is why we entertain jurisdiction of the case on this appeal. Where appellate jurisdiction of the Court depends upon the amount involved in the litigation, the question of the amount will be determined by the circumstances as shown by the record rather than by the allegations of the litigants. Wagner v. New Orleans R. L. Co. 151 La. 400, 91 So. 817, Wunderlich v. New Orleans Power Light Co., 143 La. 626, 79 So. 80.
The plaintiff was one of three daughters of the first marriage between her deceased father and mother. The other two died in early childhood and she would naturally be the sole and only heir of her mother who died intestate in October, 1894. Sometime after her mother's death her father remarried and of this second marriage there were five children born, namely, George E. Scoggins, W.E. Scoggins, Mary McGraw born Scoggins, Cordie Labarre born Scoggins and Myrtis Reagan, born Scoggins. The father, H.W. Scoggins, died also intestate during the month of January, 1937, his widow, these five children just named and the plaintiff surviving him as his heirs.
In answer to plaintiff's suit the defendant filed first a plea of estoppel in which it is set out that subsequent to the death of H.W. Scoggins, the plaintiff, his surviving widow and the other five children accepted his succession unconditionally, sold the cattle belonging to his estate, applied the proceeds to the payment of his debts, agreed on a division of the lands which he owned and divided other movable property belonging to the succession without any administration or any judicial proceedings whatsoever. It is averred in the plea that the plaintiff took possession and received as her part of the movable property, one chair, one wash pot, one clothes press and one safe, all of which is now in her possession and is claimed by her as her own. That she together with the others each paid their proportionate share of the funeral expenses and expenses of the last illness of their father and also, in order to preserve the estate for themselves without administration, paid a mortgage indebtedness of $400 to Merchants Farmers Bank Trust Company bearing on certain of the timber lands described. That in addition to all of this plaintiff and her half brothers and sisters, with her stepmother, paid other debts due by the estate and agreed to sell the timber on certain other lands which their father had previously sold to one of his sons, W.E. Scoggins, who owed the estate a balance due on the purchase price. That plaintiff with her half brothers and sisters and her stepmother tentatively agreed to divide the lands belonging to the estate, each one to take and accept as his or her share a 40 acre tract.
It is then averred in the plea that all the acts herein committed were acts of ownership over the property, participated in by the plaintiff as co-owner and co-heir with the others for the purpose of preserving the estate for themselves; that they were an unconditional acceptance purely and simply of the succession of their father and by reason of them all she has estopped herself to deny that she has not accepted his succession and is not bound by his warranty of title in the sale of the timber made by him and in which she is now seeking to recover an undivided half interest. Defendant then sets out in its plea the full and complete warranty as given by their father in the said act of sale under which he bound himself, his heirs, executors and administrators to warrant and forever defend the title to the trees therein conveyed.
In the same plea of estoppel defendant sets out that in October, 1909, H.W. Scoggins, plaintiff's father, sold 73 oak trees off of the same property to B. Kohler, Manager, and granted a removal period for cutting and removing the same and that the said Kohler actually went upon the property and did cut and remove timber therefrom. That in the year 1919 H.W. Scoggins leased said lands for oil and subsequently on May 27, 1927 after he had occupied, cultivated and possessed the same as owner for more than thirty years, and was actually in possession thereof, sold the timber to defendant by title translative of property, all of which acts were known by the plaintiff, and that she, by her laches, silence and inaction for all that time, without claiming any right or interest therein is now estopped to assert any ownership whatever.
On the same day that defendant filed its plea of estoppel it also filed a plea of prescription of ten years acquirandi causa, under which it claims title to the property.
These pleas were referred to the merits after which it filed its answer in which it raises the further issue that the property *Page 201 
on which this timber is situated was not community property belonging to the community which existed between plaintiff's father and her mother but was his own separate property acquired by him before his marriage to her mother and therefore she had no interest therein as the heir of her mother. Otherwise, the answer is a reiteration of the pleas of estoppel and of prescription which had been previously urged and it also contains a call in warranty on the widow of plaintiff's father by second marriage as well as on her half brothers and sisters to come into Court with her and defend the title which their father had bound and obligated them as his heirs, to defend.
In answer to the call in warranty, George Scoggins, Cordie Scoggins Labarre and Myrtis Scoggins Reagan, who were nonresidents, and for whom a curator ad hoc had been appointed, appeared through their said curator and answered, putting at issue the pleas and defenses urged by the defendant and asking for judgment rejecting them all. The widow and the other half brothers and sisters made no appearance and by the testimony offered, seem to have taken sides with the defendant in support of the pleas and defenses raised by it.
There was judgment in the lower court in favor of the defendant sustaining the plea of estoppel. We find no written reasons for judgment but in the decree it is stated that the plea which is urged against the plaintiff that she had accepted the succession of her father unconditionally is sustained by the law and the evidence and therefore the said plea and defense of warranty urged are sustained and the plaintiff's demands are rejected at her costs. From that judgment an appeal was taken by the plaintiff only, so we take it that the other heirs who had been called in warranty and answered have acquiesced in the judgment and are no longer interested in the case.
The main issue that is presented grows out of the plea of estoppel which was sustained in the Court below and the important question which faces us then is whether all the acts set out by the defendant in its plea and alleged to have been committed by plaintiff, have been proven and, as such, constitute an acceptance of her father's succession by which she became bound as an heir to meet its obligations and defend his warranty of title in the sale of the timber to Kirby Lumber Company on May 27, 1927.
Article 977 of the Civil Code is clear and specific to the effect that no one can be compelled to accept a succession, in whatever manner it may have fallen to him, whether by testament or operation of law; he may accept or renounce it. In this case there is no question but what none of the heirs renounced the succession so we have to consider further the articles relating to acceptance. Under Article 988 it is provided that the simple acceptance may be either express or tacit. An express acceptance must appear in some form of authentic or private instrument or in some judicial proceeding. In this case, it appears from the preponderance of the testimony, that the heirs did meet in order to agree on a division of the real estate belonging to the succession and in fact, a plan or sketch showing a partition had been made and presented to them at this meeting at which the plaintiff was present, but was not executed because she herself asked for more time to consider it. There is some conflict in the testimony as to her real reason for not agreeing to it at that time but the fact remains that it was not executed and signed by them. Of course had such an instrument been signed, especially if it had been in authentic form, there would be no doubt that that would have constituted a formal, express acceptance of the estate. We would have had then a situation similar to that which was presented in the case of Buillard et al. v. Davis et al.,185 La. 255, 169 So. 78, in which the Court held that the sale by the heirs of part of the succession property for the payment of debts followed by partition and division of the remaining property, constituted an acceptance of the succession.
The proof therefore is not sufficient to show an express acceptance by the plaintiff and it remains to be decided whether there was a tacit acceptance of the father's succession on her part. The tacit acceptance as defined in the same article of the Code appears "when some act is done by the heir, which necessarily supposes his intention to accept, and which he would have no right to do but in his quality of heir."
Enough has been shown, we believe, to have been done by the plaintiff in this case to indicate her intention to tacitly accept her father's succession, all of which she would not have had the right to do unless she had been an heir of his. There is ample proof to show that she agreed to, as did all the other heirs, and that she did pay *Page 202 
her pro rata of the expenses of his last illness and of his funeral. To do so it became necessary to sell the cattle belonging to the succession and whilst she would have it appear that she did not consent to it, there is no doubt from the testimony found in the record that she tacitly agreed. Certain it is that she never objected or protested in any way, nor did she reserve any rights to any claims or pretensions she may have had against the estate. Neither did she object or protest to the sale of certain timber on another tract of land in order to obtain funds with which to pay off a mortgage which had been given by her father in favor of Merchants and Farmers Bank Trust Company. Besides, she raised no objection and tacitly consented to the sale of the timber on those lands which her father had previously sold to her half brother, H.W. Scoggins, Jr., who owed the estate a balance due on the purchase price of the same. Finally it is shown that she took part in the division of the movable effects of the succession; that she seemed to have selected what articles she wanted; that it was agreed that she should have those; that she took them and they are all in her possession. There is some question about these having been articles which had been purchased at the time her mother was married to her father. Whether that is meant to indicate that she selected those purposely with the view of not binding herself with regard to the others, can make no difference because whether they belonged to the first community and not to the second, her half brothers and sisters certainly had an interest in those as well as in all the other movables by virtue of their inheritance from their father.
Having concluded that the plaintiff did tacitly accept the succession of her deceased father, unconditionally the effect of her acceptance, under Article 1013 of the Revised Civil Code was such as to bind her to the payment of all debts of the succession and for all of its obligations included among which, as has been decided by our Courts, is the one of warranty. The effect of such acceptance is also shown by Article 1423 of the Civil Code. One of the leading cases on the subject is that of Griffing et al. v. Taft, 151 La. 442, 91 So. 832, The question with which we are here concerned was thoroughly considered on re-hearing in that case as it seems not to have been touched upon in the original opinion, and therein the jurisprudence is reviewed to a considerable extent. The decision leaves no doubt that an heir who manifests the intention of accepting, unconditionally, the succession of a deceased person, has no right of action to recover property in which he claims title by inheritance from that person if, in disposing of the property the person from whom he claims to inherit had obligated himself to warrant and defend the title. That is the effect which the Court said the acceptance would have as provided for in Article 1013 and also Article 1423
of the Civil Code.
Guided by that decision as well as those therein reviewed and in the light of the facts before us in this case, we are of the opinion that the plea of estoppel was properly urged and that it was correctly sustained in the judgment appealed from, and it becomes unnecessary therefore for us to consider and pass on the other pleas and defenses urged by the defendant.
For the reasons herein stated, it is ordered that the judgment of the lower court which dismissed the plaintiff's suit be affirmed at her costs.