In this suit, plaintiff seeks to annul a certain sale of real property, situated in the Parish of Terrebonne, made by plaintiff's wife to the defendant, to have the inscription of the sale in the conveyance record canceled and erased, and to be placed in possession of the property.
Plaintiff alleges that he was legally married to Agnes Dubois on January 9, 1912; that at the time of the marriage the said Agnes Dubois did not have any property of any kind, did not bring into the marriage any separate or paraphernal property, real or personal, rights or credits, of any kind, nor did she, during the existence of the marriage, obtain any separate or paraphernal property, real or personal, rights or credits, of any kind whatever, either by deed, donation or otherwise; that while living together, on February 10, 1925, his said wife acquired, under the name of Agnes Picou, by notarial act of sale from Lezin Dubois, the property in question for a stipulated cash consideration of the sum of $900, and which act of sale was duly recorded in the conveyance records of Terrebonne Parish. The plaintiff annexed to his petition a certified copy of the said act of sale and made it a part of his petition. There is no declaration in the deed that the property was purchased by Mrs. Picou with her own separate and paraphernal funds, under her separate administration, or that the property was to remain her separate and paraphernal property under her separate administration.
Plaintiff further alleges that the said property was acquired with funds of the community of acquets and gains and therefore formed a part of the community of acquets and gains, and consequently was subject to his administration and control as head and master of the said community.
Plaintiff further alleges that, while living separate and apart, without his signature and without his authority, his said wife attempted to transfer the ownership of the property by executing, on October 22, 1935, what purports to be a cash sale, by authentic act, to the defendant, and that the said notarial act was recorded in the Conveyance records for the Parish of Terrebonne, a certified copy of which is attached to the petition and made a part thereof. That, regardless of the fact that the deed recites that the consideration for the transfer was the sum of $1,000 paid in cash to his wife, in truth and in fact no consideration at all was paid to his said wife.
Plaintiff further alleges that his said wife died intestate on March 16, 1936, leaving no descendants, however leaving surviving her her mother, Marceline Authement, and plaintiff as husband; that on October 16, 1936, he opened the succession of his wife, accepted the succession of his wife unconditionally, and on September 13, 1938, a judgment was signed in the succession proceedings recognizing him as owner in his own right, as husband of the community of an undivided one-half of the property in question, and as owner of an undivided one-fourth thereof by inheritance from his deceased wife, or totalling an undivided three-fourths thereof, and ordering that he be sent in possession of the undivided share of the property.
Defendant filed a motion to elect on the ground that there were two causes of action set forth and that plaintiff should be ordered to elect (1) whether he would proceed with his action to have the sale set aside on the theory that the real estate transferred was community property and could not, under any circumstances, be transferred by the sole signature of the wife or (2) whether he should proceed *Page 545 
with his action to have the sale set aside because of the alleged lack of consideration. The defendant also excepted to plaintiff's petition on the ground that plaintiff's petition disclosed no right of action in that in the deed, a copy of which was made a part of the petition, Mrs. Agnes Dubois Picou warranted the title to the defendant and that plaintiff unconditionally accepted the succession of his wife and was placed in possession of the said estate. He also filed a plea of estoppel based on the same facts as his exception of no right of action. The motion, exception and plea were overruled.
Under protest and reserving all of his rights under his exceptions or pleas, he answered. In his answer, defendant admits the marriage of plaintiff and Agnes Dubois, admits that Agnes Dubois Picou died intestate on March 16, 1936, leaving no descendants, leaving as her sole heirs her mother, and plaintiff as surviving spouse in community, and admits that plaintiff accepted the succession of his wife and was sent in possession of the community property forming said estate in the proportion alleged, but denied the remainder of the allegations of plaintiff's petition. In further answer, defendant avers that the property in question formerly belonged to the father and mother of Agnes Dubois; that in verity, the purported act of sale and transfer of the property from her father Lezin Dubois to Agnes Dubois was a donation in disguise to her and to her alone, the consideration being the love and affection which her father and mother had for her, and not the sum of $900 cash as expressed in the deed, and that therefore the property was the separate and paraphernal property of Agnes Dubois Picou and not of the community.
The trial of the case resulted in a judgment in favor of plaintiff. Defendant has appealed.
Although we find some merits in defendant's motion to elect, due to the conclusion we have reached on the exception of no right of action and the plea of estoppel, we find it altogether unnecessary to discuss and pass upon this plea.
The exception of no right of action and the plea of estoppel are bottomed on the theory that the plaintiff unconditionally accepted the succession of his wife Agnes Dubois Picou, and is therefore bound to warrant the title which his wife gave.
The facts as alleged and to be taken as true are that this property formed a part of the community; that Agnes Dubois Picou, without right, sold this property with full warranty of title. The deed was made before a notary public and two witnesses, and contained the usual acknowledgment of receipt of the price. That the plaintiff unconditionally accepted the succession of the wife and was sent in possession of his part thereof.
It is now well settled that an heir who accepts the succession unconditionally thereby binds himself for the debts or obligations of the deceased persons, the same as if he himself had contracted them. Rev. Civil Code, Arts. 1013 and 1423; Griffing et al. v. Taft, 151 La. 442, 91 So. 832, on rehearing; Addison v. Kirby Lumber Corporation, La.App., 3 So.2d 199, 202. Among the obligations for which an unconditional heir is liable is the obligation of warranty, on the part of the deceased person, to defend a title which the decedent has conveyed.
In the case at bar, the plaintiff had the right to disregard the action of his wife, and could have sued during her life, to set aside the sale for the reason that the property was community and have the property brought back to the community. He awaited the death of his wife. By the death of his wife, the community was dissolved. Plaintiff could again have sued for his undivided half interest in the property as being in his own right. He, however, chose to open the succession of his wife, and have himself recognized as surviving spouse, and, as such, accepted the succession of his wife unconditionally. As such, he became bound to the obligation of warranty which was an obligation of his wife.
He inherited one-fourth of the property under Civil Code Article 915, as amended by Act 160 of 1920. In that sense, he was an heir of the deceased. The law relative to heirs being bound by the warranties in the title of their deceased of whom they have unconditionally accepted the succession applies. Plaintiff quotes us no law or reason why this principle of law should not apply and that this case is different from the cases establishing this principle. We are therefore of the opinion that the exception of no right of action and the plea of estoppel should have *Page 546 
been sustained and plaintiff's suit ordered dismissed at his costs.
For the reasons assigned, the judgment appealed from is hereby reversed, annulled and set aside; and it is ordered that the exception of no right of action and the plea of estoppel be and the same are hereby sustained, and accordingly plaintiff's suit is dismissed at his costs.