FRUGÉ, Judge ad hoc.
By stipulation of counsel, this case was consolidated for trial with the case of Robinson v. Alexon, La.App., 65 So.2d 646. Both cases were tried on May 1, 1951, and separate judgments were rendered in each suit, dismissing plaintiffs’ suit and they have accordingly appealed to this Court. .
This is a petitory action instituted by Henry Robinson, James Robinson, Taylor Robinson, Jarrett Robinson, Jr., Blanche Robinson Hunter, Fannie Sinclair Miller, and Ellen Mason Taylor, against Lilly Dunson, Charlie Williams, M. M. Johnson and W. E. Montague, involving .the following described immovable property, to-wit:
Lots Two (2), Three (3), Four (4) and Five (5) of Block of Square Six (6) of the Lincoln Heights Addition to the Town of DeQuincy, Calcasieu Parish, Louisiana.
Under date of May 15, 1950, judgment was rendered discharging Lilly Dunson, Charlie Williams, and M. M. Johnson as defendants, leaving W. E. Montague as the sole defendant in the case.
The facts in tliis case,'substantially, are that Ella Gordon, born Robinson, acquired the above described property by act of sale dated July 9, 1923, and by judgment of the Fourteenth Judicial District Court, in and for Allen Parish, dated June 4, 1931. Ella Gordon died intestate on February 11, 1937, however, leaving as her sole heirs at law the following named persons, each of whom inherited an undivided interest in the decedent’s estate as is set out opposite his or her name, to-wit:
Amelia Douglas Robinson, mother %
Ellén Robinson Anderson, sister, %2
Jane Robinson White, sister, %2
Henry Robinson, brother, %2
James Robinson, brother, %2
Taylor Robinson, brother, %2
Jarrett Robinson, Jr., nephew, %<t
Blanche Robinson Hunter, niece, %i
Fannie Sinclair Miller, niece, %2
Ellen Mason Taylor, niece, %2
On April 23, 1940, Amelia Douglas Robinson, mother of the decedent, and Ellen Robinson Anderson and Jane Robinson White, sisters of the decedent, executed a warranty deed before J. V. Thompson, Notary Public, by which instrument said vendors purported to convey all of the above described' property to defendant, W. E. Montague. On that same date the said Amelia Douglas Robinson, Ellen Robinson Anderson and Jane Robinson White executed an affidavit to the effect that they were the sole, and only heirs of Ella Gordon, deceased. This affidavit was delivered to the purchaser, Montague, with the completed act of sale and both instruments were duly recorded in the conveyance records of Calcasieu Parish.
Although the vendors in that instrument attempted to convey to defendant with full warranty of title all of said property, it is evident that by that deed the latter acquired only an undivided 14/s% interest in such property. Plaintiffs contend in this suit that they own the remaining ls/s2 or B/m interest in said property.
Amelia Douglas Robinson died intestate on January 6, 1943, leaving as her heirs at law a number of children and grandchildren, including all of the plaintiffs in this suit. Pier succession, however, was not opened until after this suit was instituted.
On March 31, 1950, plaintiffs instituted this suit seeking a judgment decreeing them to be the owners of an undivided BAs interest in and to said property, and condemning defendant to pay to said plaintiffs %e of the rentals collected on said property from April 23, 1940, until possession is restored to plaintiffs, with interest and costs.
On April 11, 1950, or approximately eleven days after this suit was instituted, judgment was rendered by the Ninth Judicial District Court, in and for Rapides Parish, in the proceeding entitled, “Successions of Wilbert Robinson and Amelia Douglas Robinson”, bearing No. 6909 of the Probate Docket of said Court, recognizing all of the plaintiffs in this suit, together with Ellen Robinson Anderson and *645 Jane Robinson White, as the sole and only heirs of said decedent, and putting all of said heirs in possession of the property left by said decedent. The petition seeking such a judgment was filed by or in behalf of all of the plaintiffs in this suit and by Ellen Robinson Anderson and Jane Robinson White, and the following allegation was contained- in such petition:
“ * * * that your petitioners accept the successions of said decedents purely, simply and unconditionally, and desire to be recognized as the sole and only heirs at law of said decedents, and sent and put into possession of all property' and effects left by said decedents in the proportions fixed by law.”
Under date of May 1, 1951, the date on which this case was tried, an instrument was executed by Ellen Mason Taylor, one of the plaintiffs in this suit, ratifying and confirming the sale of the above described property to the defendant, W. E. Montague, dated April 23, 1940. The attorney who represented plaintiffs originally has withdrawn as counsel for plaintiffs, and the counsel who was later employed and who represented plaintiffs at the trial announced that he does not and never has represented Ellen Mason Taylor.
Fannie Sinclair Miller, another plaintiff, died shortly before the trial. The evidence indicates that she is survived by her husband, but that she never had any children. No one has made an appearance in this suit as her heir or legal representative.
The contention of defendant is primarily that since Amelia Douglas Robinson executed a deed by which the property was conveyed to him with full warranty of title, and since plaintiffs have unconditionally accepted the succession of the said Amelia Douglas Robinson, said plaintiffs are bound by the warranty of title and are estopped from attacking the title of said defendant. Plaintiffs, on the other hand, contend that they are bound to warrant only the one-fourth interest in said property which was owned by decedent at the time of the sale.
We understand the laws of this State to be that when heirs accept a succession simply and unconditionally, they become bound and responsible for the debts and obligations of the decedent whose succession they accept. LSA-C.C. Articles 1013, 1056, 1423. And among the obligations for which an unconditional heir is liable is the obligation of warranty, on the part of the deceased person, to' defend a title which the decedent has conveyed. Griffing v. Taft, 151 La. 442, 91 So. 832; Addison v. Kirby Lumber Corporation, La.App., 3 So.2d 199; Picou v. Dubois, La.App., 13 So.2d 543.
In the present case at bar, Amelia Douglas Robinson was one of the three persons who executed the act of sale conveying the above-described property to defendant on April 23, 1940. Although she actually pwned only an undivided one-fourth interest in the property at that time, the deed did not recite what interest was being conveyed or warranted by her. It simply provided that the three vendors conveyed all of the above described property to the purchaser, “with full warranty of title.” Under those circumstances, Amelia Douglas Robinson thereafter and during her lifetime was legally obligated to protect and maintain the defendant in the peaceable possession of the property sold. She could not, under any circumstances, have attacked defendant’s title or have asserted a title in herself which would be in conflict with the title which she attempted to convey to -him.
Plaintiffs, on the other hand, as co-owners with or. as heirs of Amelia Douglas Robinson, could have successfully attacked defendant’s title to the property at any time from the date of the sale, April 23, 1940, until they unconditionally accepted the succession of Amelia Douglas Robinson either by filing this suit or by the formal acceptance on April 11, 195.0. Upon accepting the succession of that decedent, however, they became bound by her obligation to warrant the title, and insofar as this property is concerned none of the heirs who unconditionálly accepted her succession had any greater right to *646 attack defendant’s title than did the decedent herself. Since Amelia Douglas Robinson was , obligated to protect and maintain defendant in the quiet enjoyment of the property and could not have asserted a conflicting title in herself, plaintiffs, as heirs at law who have unconditionally accepted her succession, likewise are estopped from doing so.
Counsel for plaintiffs contends, however, that Amelia Douglas Robinson was bound to warrant and defend the title only as to the undivided one-fourth interest which she owned at the time of the sale, and that plaintiffs, as her heirs are obligated to protect defendant's title only as to that one-fourth interest. This argument might have some merit if the deed conveying the property to defendant specified that Amelia Douglas Robinson sold only her undivided one-fourth interest or contained language which could be interpreted as limiting said decedent’s obligation to warrant the title to an undivided one-fourth interest in the property. But no such language can be found in that deed or in any other document appearing in the record.
The jurisprudence of this State has been established to the effect that, except as to the reimbursement of the purchase price, the obligation of • joint ■ vendors to maintain the vendee in peaceable possession is an indivisible one, and that where several persons have joined in an act of sale with warranty of title, each will be held to be warrantor for the entire title. Soule v. West, 185 La. 655, 170 So. 26; Schultz v. Ryan, 131 La. 78, 59 So. 21.
Applying1 that rule to the case at bar, it is apparent that upon executing the act of sale, dated April 23, 1940, the obligation of Amelia Robinson to warrant and ■ defend the title to the property sold was indivisible, except as to the return of the purchase price, and that she must be considered warrantor of the entire title. Plaintiffs, having accepted her succession, are in the same position as she was, insofar as this title is concerned.
Plaintiffs, as authority for the arguments advanced by them, have referred the Court to the cases of Jackson v. United Gas Public Service Co., 196 La. 1, 198 So. 633, and Crouch v. Richardson, 158 La. 822, 104 So. 728. Both of these cases have been perused carefully, but this Court has been unable to find any language used by the Court in either decision which could be interpreted as supporting the position taken by plaintiffs in this suit.
This Court concludes, therefore, that we are in agreement with the Trial Court, that plaintiffs are estopped from attacking the title of defendant, or from asserting a title in themselves which is in conflict with the one which the decedent, Amelia Douglas Robinson, attempted to convey to defendant by warranty deed dated April 23, 1940. It necessarily follows that plaintiffs are not entitled to judgment for a portion of the rents which defendant has received from such property.
Since the case is disposed of by the conclusions which the Court has already reached, it is not necessary to consider any of the alternate pleas urged by defendant.
Judgment of the Trial Court is affirmed; costs to be borne by plaintiffs.