## KANSAS CITY, M. & O. RY. CO. OF TEXAS v. FOSTER.

### No. 3586.

Court of Civil Appeals of Texas. Amarillo.
April 15, 1931.

Collins, Jackson & Snodgrass, of San Angelo, L. W. Allred, of Chillicothe, and Terry, Cavin & Mills, of Galveston, for appellant.

C. Y. Welch, of Quanah; and Fitzgerald & Hatchitt, of Wichita Falls, for appellee.

HALL, C. J.

The appellee sued the Kansas City, Mexico & Orient Railway Company of Texas, and the Panhandle & Santa Fé Railway Company, jointly to recover damages for personal injuries, alleging that the defendants had been negligent: (a) In requiring him to handle switch ties without a sufficient number of men to assist him, and (b) in permitting a switch block to be left where he could and did stumble over it in handling such ties.

The defendants' answer consisted of a general denial and a special answer that appellee was in the employ of the Kansas City, Mexico & Orient Railway Company, and not of the Panhandle & Santa Fé Railway Company. That his injuries were caused by his own negligence in walking backward while handling switch ties and in not exercising proper care to retain his balance and in failing to look where he was walking. That if he was injured it was a result of either an unavoidable accident or the appellee's own contributory negligence.

The jury answered each of the material issues in favor of the appellee and, in response to issue No. 9, fixed his damages at $1,500.

The court gave this explanation in connection with issue No. 9: "In answering special issue No. 9, you may take into consideration only the nature and extent of the plaintiff's physical impairment, if any, pain and suffering, if any, that the plaintiff has sustained in the past, or will sustain in the future if you find that he will sustain pain in the future; the reasonable and necessary expenses, if any, incurred by him for hospital and doctors bills; his loss of earning capacity, if any, from the time of the accident to this date and if you believe that his injuries will continue in the future and there will be a loss of earning capacity in the future, then you will include such sum as in your judgment, from the evidence, will compensate him for such future loss of earning capacity, if any."

The appellee alleges that he had been compelled to expend $100 for medicine and professional treatment and does not allege that this expenditure was reasonable or necessary. He makes no allegation whatever with reference to hospital expenses.

The explanation appended by the court to special issue No. 9 was duly excepted to because there was no testimony showing that appellee had paid any hospital bills or was liable in any sum for such bills. The appellee contends that because the court's explanation contains the words "if any," preceding the words "incurred by him for hospital and doctors bills," the error in submitting items of damages not contained in the pleading and not supported by any testimony or insufficient testimony, the error, if any, is harmless. The presence of the words "if any" does not cure the error. Houston & T. C. Ry. Co. v. Kimbell (Tex. Civ. App.) 43 S. W. 1049, 1051. A charge which submits an issue to the jury which is not supported by the pleading and the evidence is presumed to be harmful, and a reversal of the judgment must follow unless it clearly appears that no prejudice resulted to the losing party by reason thereof.

As said in 3 Tex. Jur. § 884:

"It is for the appellee to show that it was harmless; the presumption of injury will be indulged, it being impossible to demonstrate that the verdict was not based on the erroneous charge where the mode of submitting the issues violated the litigant's right to have his case tried under properly submitted issues of law. To hold otherwise would, it is said, be to deny to him his right.

"As the Supreme Court has observed: 'While the appellate court will indulge in the presumption that the verdict and judgment are right, yet, when it is apparent that the charge upon a vital issue is erroneous, it yields to the contrary presumption that the verdict, which might be founded on an erroneous charge, is itself vicious.'

"In such cases mere probabilities may be taken into account, and where it appears to be reasonably doubtful as to whether or not the appellant was prejudiced by the giving of the erroneous charge, the case will be reversed. The same idea has been expressed as follows:

" 'Unless it can be said that in all probability the error was primarily harmless, or rendered so by the withdrawal of the comment, a reversal of the judgment will follow.'

"In quoting this statement of the law with approval in a later opinion the court said that every reasonable doubt should be resolved in favor of the one erred against." Citing Lamar v. P. & S. F. Ry. Co. (Tex. Com. App.) 248 S.W. 34.

The fact that the court told the jury to take into consideration hospital fees tended to indicate that there was evidence of that ground of damage which had not been pleaded. Eastern Texas Elec. Co. v. Baker (Tex. Com. App.) 254 S. W. 933.

■ While the appellants' witness Charley Childress was upon the stand, the appellee's counsel, on cross-examination, asked him this question: "Have you ever been in the penitentiary?" and over further objections was asked of what offense he had been convicted. The bill of exception shows that this testimony was objected to because it was immaterial and irrelevant. The objection did not point out wherein it was immaterial or irrelevant and therefore amounts to no objection, but there was a further objection that the testimony was prejudicial and that the best evidence of the fact was not proving same by parol testimony of the witness. The witness admitted that he had been in the penitentiary. We think the last objection should have been sustained. It was not shown that he had been convicted of an offense involving moral turpitude, and in the absence of an admission by him that he had been sent to the penitentiary upon a charge involving moral turpitude, the testimony was inadmissible. We are further of the opinion that the record testimony consisting at least of an indictment charging moral turpitude and a judgment of conviction constituted the best evidence. We do not want to be understood as holding that such record proof is necessary where the witness himself admits his conviction upon a charge involving moral turpitude. There is some conflict in the decisions of this state with reference to the admissibility of such testimony to impeach a witness. The last pronouncement relative thereto is found in Texas & N. O. Ry. Co. v. Parry (Tex. Com. App.) 12 S.W.(2d) 997.

[6, 7] The rule with reference to the admission of demonstrative evidence in personal injury suits is that where a party complains of injuries to the foot, hand, ear, or other member, it is within the sound discretion of the trial court to permit the jury to inspect the injuries and this rule is extended to include cases of hernia. Chicago, etc., R. Co. v. Clausen, 173 Ill. 100, 50 N. E. 680; Missouri, K. & T. Ry. Co. of Texas v. Moody, 35 Tex. Civ. App. 46, 79 S. W. 856; St. Louis & S. F. Ry. Co. v. Mathis, 101 Tex. 342, 107 S. W. 530. In the instant case plaintiff complained of hernia as the result of the negligence of the defendants. So we are not prepared to say that the exercise by the court of judicial discretion is error. 22 C. J. 788.

■ The second special issue submitted to the jury is: "Do you find from the preponderance of the evidence that while employed by the defendant the plaintiff George A. Foster was directed and required by the foreman of the defendant to assist in moving switch ties being handled at the time of such injury with

the assistance of only one other person?" This was answered affirmatively.

The third special issue is: "Do you find from the preponderance of the evidence that said switch tie could not be safely handled by two men?" This was answered negatively.

The court then charged:

"If you have answered special issue two or three or either of them yes, then you will proceed to answer the following:

"Special Issue No. 4. Do you find from the preponderance of the evidence that it was negligence on the part of the defendant or its said foreman to require and direct plaintiff to assist in handling the switch ties in the manner in which they were?"

The result of the jury's finding is that Foster was obeying his foreman in handling the ties with the assistance of only one other person; that they could be handled by two men, but that it was negligence on the part of the foreman to require the plaintiff to assist in handling them in the manner in which they were being handled.

The jury found that it was negligence on the part of the defendant to permit the switch block to be left where it was at the time of the accident and that such negligence was the proximate cause of the injury. We think the charge, considered as a whole, cannot be held to be confusing or the findings so uncertain or contradictory that a judgment could not be based thereon.

For the reasons stated, the judgment is reversed and the cause remanded.