No. 3788

Second Circuit

MONROE GROCER CO. v. BARRON

(May 20, 1931. Opinion and Decree.)

J. W. Elder, of Ruston, attorney for plaintiff, appellee.

R. L. Williams, of Arcadia, attorney for defendant, appellant.

DREW, J  Plaintiff sued on open account, claiming a balance due of $345.52, with 5 per cent per annum interest from judicial demand, alleging that between the dates of October 1, 1927, and November 30, 1928, it sold and delivered to defendant goods, wares, and merchandise amounting to $2647.03, upon which there had been paid the sum of $2301.51, as shown by attached itemized account, leaving the balance due and claimed herein. Plaintiff alleged amicable demand and prays for judgment accordingly.

Defendant answered pleading a general denial. There was judgment in the lower court for plaintiff in the sum of $232.69, with 5 per cent interest per annum on each invoice or item of the account sued on from the date each was due until paid. Defendant has appealed from this judgment.

The manager of the Ruston branch of plaintiff's business testified to the correctness of the account and that he was familiar with each and every item of the account; that the balance due, as shown by the account, was correct.

Defendant offered in evidence a check for a greater amount than claimed by plaintiff, which he contends was in full payment of all he owed plaintiff at the time. Payment is a special plea and must be pleaded before proof can be offered thereon. However, plaintiff's manager clearly explains that the check offered by defendant, together with two other checks of defendant, were in payment of his account with plaintiff up to October 1, 1927, the beginning of the account sued on. If we should consider the plea of payment, it is

an admission of the correctness of the account. Defendant at no place in his testimony denies that he received the goods charged to him, neither does he complain of the price charged. He does complain of an interest charge of 8 per cent, instead of 5 per cent. The lower court sustained his contention in this respect and disallowed the interest claim of 8 per cent, that went towards making up the amount of the claim sued on.

Defendant urges in this court that plaintiff failed to prove its claim for the reason that plaintiff's witness was testifying from information received from plaintiff's books. No doubt he refreshed his memory from the books and shipping records of his company, as he testified to, but he positively testified that the account was correct and that defendant had never made any complaint about it and that defendant told him that if he had not sued, he would have paid the account, but since plaintiff had sued him, he was going to try to beat him.

The court said in the case of Horton v. Haralson et al., 130 La. 100, 57 So. 643:

"In a suit on open accounts, where the witnesses refresh their memories by the books, and the general trend of the business shows that the goods have been sold and delivered, it is not necessary to prove the actual delivery of each and every item. The testimony made out at least prima facie proof, and it was then incumbent upon the defendants to show wherein the proof was insufficient."

The account was properly proved and the only defense made by defendant is that he had paid the account, although he did not plead payment. His defense has failed and the judgment of the lower court is correct. It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with all costs.