### BURTIS v. BUTLER BROS.

No. 14388.

Court of Civil Appeals of Texas. Dallas.

Sept. 28, 1951.

Rehearing Denied Oct. 26, 1951.

See also, Tex.Civ.App., 228 S.W.2d 938.

Kennedy & Granberry, Crockett, for appellant.

Coke & Coke and Thos. G. Murnane, all of Dallas, for appellee.

YOUNG, Justice.

This appeal involves Rule 166–A, Texas Rules of Civil Procedure, Summary Judgment, and applicability thereof to the instant facts.

Originally, the suit of Butler Brothers against Burtis, a resident of Madison County, was on sworn account, interrupted by plea to the venue, which ancillary proceeding has been disposed of by our Supreme Court through certified questions; see 148 Tex. 543, 226 S.W.2d 825. This defendant in due time filed a sworn denial of account along with counterclaim alleging in substance that the "Ben Franklin" system of merchandising out of which the indebtedness arose, was violative of Anti-Trust Laws, State and Federal, praying for judgment that either plaintiff take

nothing or that defendant have credit for $1,200, which amount of liability, as he avers, "plaintiff admitted and confessed. * * *." Defendant in later pleading styled "Original Cross Action," claimed actual damages in amount of $4,776.50 and treble that amount as exemplary damages under Federal Anti-Trust Law. Title 15 U.S.C.A. § 15.

To each paragraph of defendant's said answer, counterclaim and cross-action, plaintiff Company interposed special exceptions, followed by its motion for summary judgment. Made a part of appellee's showing of right to relief under Rule 166–A were the following items: (1) Its verified itemized accounts; (2) so-called admissions contained in defendant's answer and cross-action; (3) admissions of defendant Burtis in deposition taken and on file in said cause; (4) answers of James H. Willingham (by way of deposition) to whom defendant had sold his variety store in May 1949, inclusive (as plaintiff contends) of the goods, wares and merchandise in suit.

■ The deposition evidence above mentioned is in no sense conclusive of defendant's liability on the account in question; and concerning the matters affirmatively pled by defendant, it is doubtful if same can be taken as admissions establishing liability, coming as they do after a general denial. Rules 84 and 92, Texas Rules of Civil Procedure; Kartes v. Fritter, Tex. Civ.App., 63 S.W.2d 389; Dallas Ry. & Terminal Co. v. Hendricks, 140 Tex. 93, 166 S.W.2d 116; Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65.

■ But aside from these considerations, appellee's right to summary judgment is not sustainable in face of the Burtis sworn denial of account. A counterpart of Rule 166–A, Summary Judgment, is Rule 185 for speedy ascertainment of fact issues in a suit on sworn account; it providing that in absence of an affidavit of denial, the opposing party "shall not be permitted to deny the account." Conversely, an affidavit by a defendant denying the justice of a sworn account has the effect of neutralizing the affidavit thereto made by the plaintiff. "Upon filing of the denial the plaintiff's account stands as though it had

not been verified; its character as prima facie evidence is destroyed, and the burden rests upon the plaintiff to prove his case as at common law." 1 Tex.Jur., p. 354; Continental Lumber & Tie Co. v. Miller, Tex. Civ.App., 145 S.W. 735. So, in the case at bar, defendant's sworn denial has placed in issue the correctness of all items constituting the account in suit. Genuine issues of fact being apparent in the record, the provisions of Rule 166–A obviously do not apply.

■■ Our conclusions just stated render unnecessary a discussion of any other points of appeal. Appellant complains at length of the trial court's action in sustaining "all of 71 special exceptions of appellee," prior to rendition of the instant judgment. No cognizance can be taken at this juncture of such rulings on the particular pleading; defendant simply being put to the necessity of amendment. Judgment of the trial court is hereby reversed and cause remanded for further proceedings not inconsistent herewith.