## H. G. BERNING, Inc. v. WAGGONER.
### No. 4795.

Court of Civil Appeals of Texas.  Beaumont.
March 13, 1952.

Cole, Patterson, Cole & McDaniel, Houston, T. R. Kirchheimer, Houston, of counsel, for appellant.

Fulmer & Fairchild, Nacogdoches, Robert C. Barnett, Nacogdoches, of counsel, for appellee.

R. L. MURRAY, Justice.

Suit was instituted by H. G. Berning, Inc., the appellant here, against Maurice Waggoner, the appellee, and others, in the County Court at Law of Harris County and the case was transferred to the County Court of Nacogdoches County upon the plea of privilege of the appellee. The suit was upon an itemized verified account for goods, wares and merchandise consisting of flowers and floral supplies in the total sum of $771.90. According to the appellant's statement in its brief, the appellee filed a sworn answer, alleging that the account made the foundation of plaintiff's action was wholly not just or true. We do not find such an instrument in the transcript but since both parties agree in their briefs that such a sworn denial was filed, we must of course accept such statement as correct. In the transcript, however, the instrument designated "defendant's original answer" is in fact the plea of privilege filed in the County Court at Law of Harris County and contains no allegations in regard to the correctness of the verified account filed. Appellant filed exceptions to the sworn answer of the appellee, alleging that the

answer was insufficient in that it failed to allege the items of the account which were not true or correct, as required by Rule 93, Section k, Texas Rules of Civil Procedure; that the same was insufficient in that it failed to allege which items or particulars of the sworn account were unjust, as required by Rule 93, Section k, Texas Rules of Civil Procedure. These exceptions were overruled by the trial court. The case went to trial to a jury and the only evidence introduced was the testimony of Mrs. Maurice Hartt, the appellee, who was before her marriage to Mr. Hartt known as Maurice Waggoner. The testimony of Mrs. Hartt extends through pages 3 to 41 of the statement of facts. Also, received in evidence in connection with her testimony were exhibits Nos. 5, 6 and 7, which were letters written by the appellee to the appellant. From all this evidence it was established that the appellee operated a retail flower shop in Nacogdoches and in that business purchased flowers and floral supplies from the appellant, through both its Houston and Dallas branches, during August, September, October, November, and December of 1948; that the parties were in disagreement in regard to the amount of her balance at different times; that the appellee wrote a letter to the appellant dated February 2, 1949, in which she stated that appellant had drawn a draft on her for the amount of $267.55 and that she owed them only $252.77.

At the conclusion of the testimony, the appellant asked leave of the court to file a trial amendment, alleging a suit on a stated account for $252.77, and further alleging that the appellee had written appellant a letter stating that she owed it that amount. The trial court overruled the appellant's motion for leave to file such trial amendment and then granted the motion of the appellee for an instructed verdict, and did so instruct the jury to return a verdict in favor of the appellee. On this verdict, judgment was rendered that appellant take nothing by its suit and appellant has perfected its appeal to this court for review.

██ Appellant by its first point complains of the trial court's action in refusing to allow it to file the trial amendment alleging a stated account. We overrule this point. The evidence did not show a stated account. An account stated has been defined as "An agreement between two persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment". 1 Tex.Jur. 371 and cases cited. At the time of the letter by the appellee stating that she owed $252.77, the appellant was contending for a different figure and later filed suit for over $700. The parties were not in agreement. The court did not err in refusing to permit such a trial amendment to be filed.

██ By its second point the appellant says the trial court erred in instructing a verdict for the appellee, and says that the evidence, when taken most favorably to the appellant, proved that the appellee was indebted on account to it in the amount of $771.90. As we view the record, there was no testimony in the record that anybody owed anybody anything at the time of the trial. When the sworn denial of the verified account was filed, the verified account lost its character of prima facie evidence of indebtedness by appellee to appellant, and the burden was upon the appellant in the trial to establish its case by a preponderance of the evidence. The appellee testified that she wrote the letter stating the amount she owed and that she straightway paid that amount, and further testified that she had paid the appellant all she owed it. She also testified upon examination by appellant's counsel that the appellant had written her several times, claiming she owed it $771.90 and that she did not recall writing them to tell them that this was an error. This testimony is relied upon by appellant in its argument that the proof showed that she owed them $771.90. She also testified that she talked over the telephone to the company's branch manager in Houston and told him of the mistake in her account. We do not regard this as proof that she owed the appellant $771.90 and this point is overruled.

By its third point the appellant says that the trial court erred in instructing a verdict for the appellee when the evidence, when

taken in its most favorable light in regard to the appellant's claim, shows that the appellee was indebted to it in an amount of $252.77. It argues that since by her letter dated February 2, 1949, she had admitted she owed the sum of $252.77, this was a judicial admission that she owed that amount and her testimony that she had paid this amount merely raised a fact question for the jury to decide and the court was therefore in error in instructing a verdict in her favor. We do not regard the letter of the appellee as being conclusive proof that she owed it any sum at the time of the trial. It was admission that she owed them that amount upon the date of the letter. The fact that such a letter by her, coupled with her undisputed testimony that she had paid this amount, comprised all of the testimony in the record, convinces us that this is not sufficient evidence to support a jury's finding that appellee owed the appellant $252.77 at the time of the trial. If it would not have supported a jury finding it did not require that the court submit such an issue to the jury and no error is shown in the action of the trial court in instructing a verdict for the appellee.

Appellant's fourth point complains of the action of the trial court in overruling its exceptions to appellee's sworn answer. The appellant raises an interesting question by this point, which is its contention that the sworn denial of the appellee to appellant's verified account must be examined in the light of provisions of Rule 93 and Section k thereof, Texas Rules of Civil Procedure, rather than by the terms of Rule 185, Texas Rules of Civil Procedure. Rule 93 provides that: "A pleading setting up any of the following matters, unless the truth of such matter appear of record, shall be verified by affidavit. * * *

"(k) That an account which is the foundation of the plaintiff's action, and supported by an affidavit, is not just; and, in such case, the answer shall set forth the items and particulars which are unjust." Rule 185, T.R.C.P. is the rule which provides for filing an action on a sworn account and making such a sworn account prima facie evidence of the correctness thereof. It further provides that it is prima facie evidence of correctness unless the party resisting such claim shall * * * file a written denial under oath "stating that such claim is not just or true, in whole or in part, if in part only, stating the items and particulars which are unjust".

We are satisfied that Rule 185, T.R.C.P., as amended, is the rule which governs suits upon verified accounts. The suit upon a verified account and provision that if not denied under oath such sworn account shall be deemed correct was unknown to the common law and is a creature of the statutes. Texas is among the few States in the Union which have such statutes. Rule 185 was taken from the statute itself, Article 3736, Revised Civil Statutes of 1925. It is the rule that formerly was the statute which brought into being the suit on a verified account and its provision as to the requirements of the sworn denial to such an account must be controlling. It provides that a person thus sued may deny that such account is just or true, in whole or in part. It provides that if the denial that the account is just or true be in part only, then it shall state the items and particulars which are unjust. Our courts have held without exception that a person sued on a verified account may deny the truth or justness of the account in its entirety and when he does he places plaintiff on proof of its case. Word v. J. E. Earnest & Co., 137 Tex. 16, 152 S.W.2d 325, and cases cited. We hold therefore that no error is shown in the action of the trial court in overruling appellant's exceptions to the affidavit denying the justness of the appellant's account in whole or in part.

The judgment of the trial court is affirmed.