**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**J. O. CURRY et al., Appellees.**

**No. 5142.**

Court of Civil Appeals of Texas.

El Paso.

March 28, 1956.

Rehearing Denied April 25, 1956.

Turpin, Kerr & Smith and Raymond A. Lynch, Midland, for appellant.

Huff & Splawn, Lubbock, for appellees.

HAMILTON, Chief Justice.

This is a workman's compensation case in which appellee, J. O. Curry, as plaintiff below, sued appellant Texas Employers' Insurance Association as defendant to set aside an award of the Industrial Accident Board. Based upon jury findings, judgment was entered against appellant in the trial court for the maximum amount allowed under the Workmen's Compensation Act, for total and permanent disability. Appellee was a roughneck on an oil well drilling team. He testified that about one hour after he started to work one morning that while running pipe in the hole he felt a sharp pain in his back and leg, and that he felt it was a catch, and kept on working. Later he told other members of the crew that he had a catch, or crick, in his back, and went to lie down for a while. There was no evidence of a slip or a fall or any outside force causing the claimed injury, and of course no one saw the appellee receive the claimed injury. The very nature of the alleged accident and the nature of the injury and extent thereof being a back injury, the plaintiff's case rested primarily on the testimony of appellee himself.

The appellant assigns as error the court's action in sustaining appellee's objection to and excluding from evidence certified copy of indictment, judgment and sentence offered by appellant to show that appellee J. O. Curry, who testified as a witness in the case, had been convicted of murder with malice aforethought, and also appellant assigns as error the court's action in sustaining appellee's objection to and excluding from evidence certified copy of indictment, judgment and sentence offered by appellant showing that the appellee, J. O. Curry, had

been convicted of the offense of theft of personal property of over the value of fifty dollars.

The law is well settled in Texas and elsewhere that where a witness in a civil case has been legally charged by indictment with an offense involving moral turpitude, and has been legally convicted of such offense in a court of competent jurisdiction, such matters are admissible as evidence touching his credibility as a witness. 45 Tex.Jur. 123. In the case of Texas & New Orleans Ry. Co. v. Parry, Tex.Com. App., 12 S.W.2d 997, 1001, Judge Critz, in an opinion approved by the Supreme Court, said:

"The rule is that where the witness has been legally charged by indictment, complaint, or information and complaint, with an offense involving moral turpitude, and has been legally convicted of such offense, in a court of competent jurisdiction, or where the witness has been so legally charged with such offense, and presently admits his guilt, then such matters are admissible in evidence touching his credibility as a witness."

The record of conviction, that is, the indictment, the judgment of the court and the sentence, are the best evidence and are universally held to be admissible for impeachment of evidence.

Wigmore on Evidence, 3rd Ed. Sec. 980, states that it has been universally acknowledged that proof by record of conviction may be made. The Texas decisions as to impeachment of witnesses in civil cases by proof of record of conviction were reviewed, and the Texas law on the subject was well settled by two decisions of the Commission of Appeals of Texas. Kennedy v. International-Great Northern R. Co., Tex.Com.App., 1 S.W.2d 581; Texas & N. O. Ry. Co. v. Parry, supra.

In the case of Kansas City, M. & O. Ry. Co. of Texas v. Foster, Tex.Civ.App., 38 S.W.2d 391, it was held that an indictment and judgment of conviction constitute the best evidence.

**770**

Appellee contends that the records of convictions offered in evidence by appellant in connection with the two criminal cases were not admissible because appellee had admitted the convictions, and further that if the court was in error in excluding them, it did not commit reversible error, because such error was harmless. We cannot agree with appellee on this. As stated at the outset, appellee's case, both as to the issue as to whether the claimed injury was sustained on the job and as to the nature and extent of his injury, rested primarily on the testimony of plaintiff himself, consequently anything bearing on the credibility of the witness was vital to the appellant's defense of the case. The indictment which appellant sought to introduce with reference to the murder case charges that

"J. O. Curry did then and there unlawfully, voluntarily, and with malice aforethought, kill Buddy Bailey by pounding and beating the said Buddy Bailey's head against the pavement of the street."

Appellee testified that he had been charged with murder without malice, convicted of murder without malice, and sentenced to two years in the penitentiary, and he further testified in explanation of how the killing happened that while in a fight with the deceased, he, appellee, hit Bailey with his fist, and Bailey fell, hitting his head against the bumper of a car. The jury does not to this day know that J. O. Curry, the appellee, killed Buddy Bailey by pounding and beating the said Buddy Bailey's head against the pavement of the street, as was found by the jury, and from the admissions of appellee this jury could very well have believed that the whole thing was an accident. We do not believe that the watered-down version of the incident as admitted by appellee is sufficient to overcome the harm done by the court's exclusion of the record of conviction.

What we have said about the exclusion of the record of conviction in the murder with malice case also applies to the theft case. While appellee admitted his conviction of theft over the value of fifty dollars, in giving his version of it he testified that he did not steal the items he was charged with stealing, that the stuff taken by him had been abandoned; that it was almost worthless, in fact that he sold the items for $7.50, the indictment would have shown that he was charged with stealing some ten items of the aggregate value of over $300.

Appellant complains in his Point 6 that the court erred in sustaining objection to appellant's counsel cross-examining plaintiff regarding evidence during the previous trial in which appellee was convicted of murder with malice. After appellee had testified that he had been convicted of murder without malice he was allowed to testify at length in explanation of and in justification of his conduct on the occasion when the murder was committed. We think that the defendant should have been allowed to cross-examine the appellee on those matters. Texas & N. O. R. Co. v. Barham, Tex.Civ.App., 204 S.W.2d 205; Pecos & N. T. Ry. Co. v. Porter, Tex.Civ.App., 156 S.W. 267; Jaffe v. Deckard, Tex.Civ.App., 261 S.W. 390; Evansich v. Gulf, C. & S. F. R. Co., 61 Tex. 24.

Appellant's points 3 and 4 complain of the court overruling appellant's special exceptions to appellee's allegation concerning expenses of a possible future operation, and his allegations of the necessity for such operation, his willingness to undergo same, and appellant's failure to tender same, and of the court in overruling appellant's objections to appellee's testimony that he was willing to submit to an operation on his back, and that appellant had never tendered or offered to pay for such operation. It is true that there is no possible theory provided by the Workmen's Compensation law under which appellee could be entitled to recover for the expense of a future corrective operation, and the court was in error in not sustaining appellant's exceptions to appellee's allegations seeking recovery for such an expense. There were no allegations that plaintiff had ever undergone any such operation and had incurred any expense by reason thereof, likewise the testi-

mony as to the willingness of plaintiff to undergo such an operation and appellant's failure to tender or offer to pay for such operation had no place in the case, and appellant's objection to such testimony should have been sustained. However, in view of the fact that appellant from the very beginning denied all liability in appellee's claim, and in view of the fact that appellant's doctor on the witness stand testified that such a fusion operation was not advisable, and further in view of the fact that the court instructed the jury in his written charge as follows:

"Gentlemen of the Jury: You will not consider for any purpose the plaintiff's allegations or claims or evidence as to a fusion operation, the costs, or the effects thereof."

we are of the opinion that the errors complained of are probably not harmful.

 Appellant complains that the court erred in overruling appellant's exceptions to the charge of the court for his failure to submit to the jury an issue under Sub-Section 1 of Article 8309 R.C.S. when a fact issue was raised by the evidence. Sub-Sections 1, 2 and 3 under said Article 8309 provide a means by which an employee's wage rate may be determined. The plaintiff testified that he had worked some 38 days immediately prior to his injury as a roughneck, and the rest of the year previous he had worked as a driller. While there was some dispute as to whether roughnecking and drilling were similar work, the only testimony as to what work plaintiff did the year immediately preceding the claimed injury was by the plaintiff himself. The court did not submit an issue under Sub-Section 1, and appellant objected to the court's charge for his failure to submit such an issue. Appellee contends that since the evidence was uncontradicted as to the kind of work appellee was engaged in, that the court need not submit an issue. He overlooks the fact, however, that the only testimony on the question was by the plaintiff himself, and it has been held many times that when the only testimony is by an interested witness the credibility of his testimony is to be sub-

mitted to the jury. The court having submitted an issue under Subdivision 2 of said Art. 8309, R.C.S. without having submitted the issue under Subdivision 1, and having obtained a negative answer to such issue, the court was in error in determining the plaintiff's wage rate under said Subdivision 2. Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80; Traders & General Ins. Co. v. Weatherford, Tex.Civ. App., 124 S.W.2d 423.

For the reasons pointed out above, the cause is reversed and remanded to the trial court for a new trial.