**Robert H. BOWYER, Appellant,**

v.

**LEVY'S OF TUCSON, Appellee.**

No. 3850.

Court of Civil Appeals of Texas.
Eastland.

Nov. 8, 1963.

Woodard & Christie and Joe W. Christie, El Paso, for appellant.

Schwarzbach & Ross and John C. Ross, Jr., El Paso, for appellee.

COLLINGS, Justice.

Appeal from the 41st Judicial District Court of El Paso County.

Levy's of Tucson brought suit against Robert H. Bowyer upon a sworn account for goods, wares and merchandise alleged to have been furnished by plaintiff to one Eleanor F. Cary and upon authority from Bowyer charged to his account. Bowyer filed a sworn denial of the account. Plaintiff filed its motion for summary judgment under the provisions of Rule 166–A, Vernon's Texas Rules of Civil Procedure which was granted. Bowyer has appealed.

Appellant presents points in which it is contended that the court erred in granting summary judgment to Levy's of Tucson, because (1) appellant's affidavit of denial placed in issue the correctness of all items constituting the account sued upon and that genuine issues of fact were therefore presented which should be determined upon a trial of the case and (2) that appellant's plea of unauthorized agency likewise raised genuine issues of fact to be determined upon a trial.

 The record shows that appellant Bowyer did file a sworn denial of the account. Such sworn denial had the effect of neutralizing the affidavit thereto by appellee, Levy's of Tucson, and placed in issue the correctness of all items constituting the account. Rule 185, V.T.R.C.P. The burden then rested upon appellee to prove its case. Burtis v. Butler Bros., Tex.Civ.App., 243 S.W.2d 235. Appellee indicates its agreement with the above announced principle but contends that in the instant case the record contains the sworn answer of appellant to interrogatories and admissions made by appellant in answer to appellee's request therefor which establish the existence of all facts necessary to appellee's right to recover.

·We cannot agree with appellee's contention in this respect. The admissions of appellant Bowyer in answer to interrogatories and appellee's request for admissions do indicate that appellant had a charge account with appellee and that Miss Eleanor F. Cary was authorized to purchase upon such charge account. Appellant in his admissions denied that Miss Cary was authorized to make unlimited charges but admitted that he executed a contract with Levy's of Tucson opening a charge account with them which showed that Miss Cary was authorized to charge purchases to his account and the contract. The contract was introduced in evidence and its terms in no way limited the purchases which she was authorized to make upon such account. However, the record shows no admissions

by appellant or any other showing to the effect that the items in the account were just and correct. Appellee had the burden to proceed to prove its case, including the burden to establish that the items in the account were just and correct. Appellee failed to meet that burden and the court therefore erred in granting the summary judgment.

The judgment is reversed and the cause is remanded.