**BURRUS MILLS, INC., d/b/a Burrus Feed Mills, Appellant,**

v.

**Otto W. HEIN, etc., Appellee.**

No. 14682.

Court of Civil Appeals of Texas.

Houston.

Feb. 3, 1966.

Rehearing Denied Feb. 24, 1966.

See also 378 S.W.2d 85.

Matthews & Matthews, Tom D. Matthews, Dallas, for appellant.

Walter M. Hilliard, Caldwell, Charles C. Smith, Jr., Cameron, for appellee.

WERLEIN, Justice.

This suit was brought by appellant, Burrus Mills, Inc., to recover on a verified open account for goods, wares and merchandise sold and delivered to appellee. Appellee filed his sworn denial under Rule 185, Texas Rules of Civil Procedure, denying that the account was just or true in whole or in part. The case was tried without a jury, and the trial court entered a take-nothing judgment against the plaintiff.

At the request of appellant, the court made and filed his findings of fact and conclusions of law. He found that appellant called appellee as an adverse witness and adduced from his testimony that he had ordered the goods and merchandise reflected by appellant's four invoices introduced in evidence, totalling $4,795.61; that the goods were shipped and delivered to him, and that he agreed to pay the amounts of the invoices; whereupon appellant rested its case. The court further found that appellee moved the court for judgment in his behalf on the ground that appellant had failed to discharge the burden of proof resting upon it, and the court granted such motion. The court concluded that appellant had failed to discharge the burden of proof resting upon it in that appellant did not prove that at the time of trial, its claim was just and true, that it was due and unpaid, and that all just and lawful offsets, payments and credits had been allowed; and that therefore appellant was not entitled to recover judgment as against appellee for the amount of its alleged sworn account.

The law is well settled that the effect of a defendant's verified denial of the correctness of a plaintiff's sworn account is to destroy the probative force of

the itemized account attached to the petition and put the plaintiff upon proof of its claim. J. E. Earnest & Co. v. Word, Tex. Com.App.1941, 137 Tex. 16, 152 S.W.2d 325; Burtis v. Butler Bros., Tex.Civ.App., 243 S.W.2d 235; Bowyer v. Levy's of Tucson, Tex.Civ.App., 373 S.W.2d 369; H. G. Berning, Inc. v. Waggoner, Tex.Civ.App., 247 S.W.2d 570.

In the instant case, appellee admitted that he had ordered the merchandise as described in the invoices which were introduced in evidence without objection, that such merchandise was delivered to him, and that by ordering the same, he agreed to pay the price of the merchandise as listed in the invoices. He thereby admitted the correctness of the invoices and the prices charged for the goods delivered to him. The invoices show the terms of the sale to be "Net 30 days". The dates of the invoices show that the goods were shipped and delivered to appellee in March and April, 1962. The statement attached to appellant's open account shows that there was a partial payment made on March 7, 1962, in the sum of $893.11, on Invoice No. 64958 originally in the sum of $1,798.50, leaving a balance due of $905.39 on such invoice, and that the total balance was $4,795.61.

■ The filing by appellee of his sworn denial under Rule 185, T.R.C.P., placed upon appellant the burden of proving up its claim as at common law and at least making out a prima facie case which would entitle it to recovery. By introducing the invoices in evidence and obtaining from appellee admissions that he had ordered the goods from appellant; that the invoices were in his possession; that the merchandise had been delivered to him, and that by ordering the same he had agreed to pay the price of the merchandise as listed in the invoices, appellant proved that the account was just, due and unpaid as of the date of the delivery of the goods or thirty days thereafter. Appellant might have gone further and proven by direct evidence that the claim was due and owing at the time of trial. However, there is nothing in the record to show that any change was made in the account or that any payments or offsets were made from the date of delivery or thirty days thereafter to the date of trial.

At the conclusion of its testimony, appellant rested, but did not move for judgment. Whereupon appellee moved the court for judgment in his favor on the ground that appellant had not proven the account was unpaid, contending that it was incumbent upon the appellant to make such proof. The court thereupon stated that it seemed to him that when a written sworn denial is filed it is incumbent upon the plaintiff to prove that the amount sued for has not been paid, but that he would reserve his ruling although he was of the opinion that appellee was entitled to judgment. Appellee thereupon was called to the stand by his counsel for the evident purpose of showing that the account had been paid. Appellant objected on the ground that appellee had not pleaded payment. Whereupon the court stated that the burden was on appellant to prove that the account, which had been denied under oath, was due and unpaid. The court then rendered judgment for appellee. In his judgment, the court cites the cases of H. G. Berning, Inc. v. Waggoner, supra, and J. E. Earnest & Co. v. Word, supra.

■ The function of appellee's verified denial was to destroy the probative force of the itemized account and put appellant upon proof of its claim. Such function was accomplished when it placed upon appellant the burden of proving up its claim as at common law.

When the probative force of appellant's itemized account was destroyed, both appellant and appellee were placed in the same position they would have been in had the suit been originally brought to prove up an unverified account. Appellee's plea that the account was not just and verified was not a general denial nor a plea of payment, nor did it prevent him from filing a general denial and a plea of payment and prov-

ing the payments that were made by him. Rule 95, T.R.C.P., provides:

"When a defendant shall desire to prove payment, he shall file with his plea an account stating distinctly the nature of such payment, and the several items thereof; failing to do so, he shall not be allowed to prove the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof."

█ Payment is an affirmative defense which ordinarily has to be pleaded and proved by the defendant. The purpose of such plea is to give the plaintiff full notice of the character or nature of the payment. A plea that an account is not just or true goes to the matter of the account as pleaded by the plaintiff. Where the probative force of the verified account is destroyed and the burden of proving the claim is placed on the plaintiff, the defendant's plea that the account is not just or true ceases to be of any further effect. It does not relieve the defendant from pleading and proving payment and the nature of the payments made, as required by Rule 95.

█ We have neither found nor been cited to any Texas case directly in point. See Amer.Jur.2d, Vol. 1, p. 386, Accounts and Accounting, Sec. 13, where it is stated: "The defendant should plead any affirmative defense which he may have, such as payment, account stated, the bar of the statute of limitations, etc." Even though the verified account is not denied by a verified plea, anything permitted by law to be pleaded as an offset or counter-claim may be so pleaded. See Chisos Mining Co. v. Chicago Pneumatic Tool Co., Tex.Civ.App, 142 S.W.2d 549, where the court said: "Likewise, there are certain affirmative defenses, such as payment, that may be pleaded in defense to an action on a sworn account." See also Monroe Grocer Co. v. Barron, 16 La.App. 357, 134 So. 735; Wilkes v. Arkansas Fuel Oil Co., 60 Ga.

App. 775, 5 S.E.2d 269. In the latter case the court said:

"The defendant having sufficiently answered, the plaintiff became bound to prove its claim (Moore v. American National Bank, 156 Ga. 724, 727, 120 S.E. 2), and the defendant had available no other defense than such as disproved the plaintiff's cause of action; special pleas of payment or set-off or recoupment had to be specially pleaded."

█ The trial court was of the opinion that the burden was upon appellant to prove by direct evidence that the account was unpaid at the time of the trial. Although the proper application of the law to the facts in this case is not altogether free from doubt, we are of the opinion that when appellant proved that the account was due and owing at the time of delivery of the goods or thirty days thereafter and there was nothing to indicate that it ceased to be due and owing down to the time of trial, the burden shifted to appellee to plead and prove his affirmative defenses. If the account was not due and owing at the time of the trial it was because payments had been made thereon. The burden was on the appellee to plead and prove that such payments had been made in view of Rule 95, T.R.C.P. Moreover, there is a rule of evidence that where a state of things is proved to have existed at a particular time, its continuance is presumed until the contrary is shown. McCormick & Ray, Texas Law of Evidence, Vol. 1, p. 81, Burden of Proof and Presumption, Sec. 81.

█ If we are correct in what we have said hereinabove, the case was tried on the wrong theory. Furthermore, it was not fully developed. Our courts have held that where a case has been tried on the wrong theory, or has not been fully developed, it is not only proper but better serves the interests of justice to remand the case for a new trial. Southampton Civic Club v. Couch, Tex.Sup.1959, 159 Tex. 464, 322 S.W.2d 516; London Terrace v. McAlister,

Tex.Sup.1944, 142 Tex. 608, 180 S.W.2d 619; Pelham Mfg. Co. v. Ridlehuber, Tex. Civ.App., 356 S.W.2d 502, writ ref., n. r. e.; White v. Watson, Tex.Civ.App., 383 S.W. 2d 243; Texas Emp. Ins. Ass'n v. Mahlow, Tex.Civ.App., 304 S.W.2d 161; General Ins. Corp. v. Smith, Tex.Civ.App., 232 S.W.2d 785, writ ref., n. r. e.

Reversed and remanded.

## On Motion for Rehearing

We agree with appellee in his motion for rehearing that the trial court in his findings set out the four invoices totaling $5,648.72, although appellant sued for only $4,795.61 since it credited appellee with $893.11 on Invoice No. 64958, dated March 7, 1962, and debited the account for $40.00, as shown on the statement attached to appellant's open account, thereby judicially admitting that not more than $4,795.61 was unpaid and owing. The date of such invoice is as shown in the statement, but a re-examination of the statement indicates we were mistaken in saying the credit was given on the same date, since no date is given on the statement other than that of the invoice. Since such credit was given, it is our view the date thereof is not material. We stated in our opinion that there was nothing in the record showing any change in the account or any payments subsequent to the date of delivery of the goods or thirty days thereafter to the date of trial. We here modify such statement since the credit allowed as aforesaid may have been paid subsequent to the date of delivery or thirty days thereafter.

 It is our view that appellee's admissions made out a prima facie case in favor of appellant, and that such admissions entitled appellant to a ruling that appellee should lose if he failed to come forward with evidence. Solis v. Martinez, Tex.Civ.App., 264 S.W.2d 956, error dism. Appellee admitted that he had ordered the goods, that they were shipped and delivered to him, and that he agreed to pay the amounts of the invoices which were introduced in evidence without objection. He in effect admitted that the account was just, that the goods were lawfully chargeable to him and that he was liable therefor. He did not admit the $40.00 debit which was for rent. Deducting this $40.00 from the account leaves $4,755.61. In view of appellee's agreement and admissions, it was not necessary for appellant to prove that the prices charged for the merchandise so delivered were either usual, customary or reasonable. Such admissions on his part, although they in effect negated his sworn plea that the claim was not just or true in whole or in part, did not prevent him from pleading and proving that the account was paid, or barred by limitation, or matters in confession and avoidance, or setting up a counter-claim. Yelton v. Bird Lime & Cement Co., Tex.Civ.App., 161 S.W.2d 353, ref., w. m.

It should be noted that in H. G. Berning, Inc. v. Waggoner, Tex.Civ.App., 247 S.W. 2d 570, relied upon by appellee, the court stated that the letter that the appellee in that case had written was an admission that she owed the amount stated therein upon the date of the letter, but that such letter coupled with her undisputed testimony that she had paid such amount, was not sufficient to support the jury's finding that she owed appellant such amount at the time of the trial. The instant case is distinguishable from that case in that, although appellee was twice upon the witness stand, he nowhere testified that he had paid anything on the price of the goods delivered to him which he said he agreed to pay according to the invoices.

Motion for rehearing overruled.