Donald HOPKINS, Appellant,

v.

MALCOLM HINKLE, INC., Appellee.

No. 7857.

Court of Civil Appeals of Texas.

Amarillo.

June 17, 1968.

372

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, for appellant; C. J. Humphrey, Amarillo, of counsel.

Miller, Sanders, Baker & Miller, Amarillo, for appellee; Robert R. Sanders, Amarillo, of counsel.

CHAPMAN, Justice.

This is an appeal from a judgment rendered in a trial to the court in a suit upon an open account for goods and merchandise delivered and services rendered Donald Hopkins by Malcolm Hinkle, Inc. at the former's special insistence and request.

The court found that the total sum owed by Hopkins to Malcolm Hinkle, Inc. was $1,092.82, on which $497.23 had been paid, leaving a balance of $595.59; that all legal offsets and payments had been allowed on the account sued for except the sum of $97.00; and appellant Hopkins was entitled to such amount, allowed as an offset. Judgment was rendered for $498.-59, together with $200.00 as attorney's fees, legal interest from the date of rendition of the judgment and for costs. By the very nature of his points appellant admits to owing all except a $150.00 item, a $28.85 item and attorney's fees. The record shows that before trial appellant tendered $350.00 as the total amount he owed appellee.

By his first point appellant urges reversible error for the award of $200.00 attorney's fees and by his other two points contends he should have had an additional credit of $150.00 "* * * for the uncontested amount necessary to complete the work and the $28.85 charge in excess of the maximum contract price of $500.00. This would be a total additional credit of $178.85 and would leave a proper amount due the appellee of $319.74."

Appellant contends the suit was tried upon a special contract on an unliquidated claim, thus precluding the award of attorney's fees. His sworn answer was to "* * * the *account or accounts* which are the foundation of plaintiff's action * * *" and he pleaded "* * * the defendant would show that the following items and particulars in connection with said *account* are unjust * * *." Additionally, no objections were made to the evidence offered in support of the suit

upon an open account, no special exceptions were urged thereto and no affirmative pleading urged as a bar to attorney's fees. It thus appears that appellant is judicially estopped now from claiming otherwise. In Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 (1956) our Supreme Court has held:

> " 'Under the doctrine of judicial estoppel, as distinguished from equitable estoppel by inconsistency, a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertion sought to be made.' "

In the case just cited the party was estopped by pleading in a former proceeding. A fortiori he would be estopped by a pleading in the same case. (All emphases herein are ours.)

■ Appellant contends the pleading upon which appellee went to trial was not a sworn pleading. Art. 2226, Vernon's Ann. Revised Civil Statutes of Texas, also provides for attorney's fees for personal services rendered and materials furnished. It is true appellee had the full burden of proving its case, but a sworn denial placed that burden on it even if the petition had been sworn to. Rule 185, Texas Rules of Civil Procedure; Burrus Mills, Inc. v. Hein, 399 S.W.2d 950 (Tex.Civ.App.-Houston, 1966, writ ref'd n. r. e.).

■ Concerning the $28.85 charge, Jack Chisholm, manager of appellee company at the time the goods, merchandise and services were furnished, testified:

> "I made this remark, not over $450.-00, we would try to keep it, *shouldn't* go over $500.00, give or take a few dollars."

This statement was made in response to a question asking the witness if he did not represent to Mr. Hopkins that the outside amount of the work and equipment sold would be $500.00. The following question was then asked:

> "Q. Now, in connection with that, your bill is $528.85, as shown by this invoice, is that correct?"

The witness answered affirmatively.

The judgment rendered by the trial court showed it considered such statement only an estimation and not a limitation on the maximum charge. When we consider the legal inferences we are required to indulge in favor of the judgment rendered by the fact finder, we are compelled to hold the trial court had the authority to so consider the statement. We cannot say the sum of $28.85 is not within the range of the expression *"shouldn't* go over $500.00, give or take a few dollars."

■ If we understand the contention by appellant on the $150.00 item, it is that the installations made by appellee were guaranteed and corrections were going to have to be made on the armored coil lines that carry root beer. Appellant testified he ordered " * * * the length that they specified," and Mr. Chisholm testified one of appellee's men told Mr. Hopkins to be sure and get the lines long enough. The testimony shows:

> "Q. All right. Did you tell him the length of coil to get for his machinery down here?
>
> A. If I remember right, one of our boys did, told him to be sure and get it long enough. We knew what the length was through under the floor and he was an A & W man, he was to know the rest of it, and he said 'Now, it is short', that is the first I had heard about."

Since the facts were submitted to the court and both witnesses were interested parties, the credibility and the weight to be given their testimony was for the trier of the facts. Texas Employers' Ins. Association v. Curry, 290 S.W.2d 767 (Tex. Civ.App.-El Paso, 1956, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.